### UNITED STATES of America, Plaintiff–Appellee,

v.

### Wesley BRUMBAUGH, Defendant–Appellant.

### No. 89–3625.

United States Court of Appeals, Seventh Circuit.

Submitted May 11, 1990.*

Decided Aug. 6, 1990.

Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., Rick L. Jancha, Asst. U.S. Atty., South Bend, Ind., for plaintiff-appellee.

Kenneth Hays, Weisman & Associates, South Bend, Ind., for defendant-appellant.

Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Defendant-appellant Wesley Brumbaugh pleaded guilty in the district court to conspiracy to acquire and distribute controlled substances. Prior to the sentencing hearing, Mr. Brumbaugh filed a motion for credit for time served. He argued that the district court should award him credit for time spent in state custody on his state conviction of obtaining a controlled substance by fraud. Mr. Brumbaugh argued that failure to award him credit for time served on the state sentence would violate the double jeopardy clause[1] and 18 U.S.C.

---

* By joint motion the parties agreed to waive oral arguments and the appeal was submitted on the briefs and record.

1. With respect to the double jeopardy claim, Mr. Brumbaugh essentially asserts that his state and his federal convictions were based upon the same conduct and that imposition of multiple punishment for the same offense violates the double jeopardy prohibition. As a result, he contends that "punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."

§ 3585. The district court denied relief on the ground that section 3585 did not permit credit under the circumstances presented here. We now hold that the district court should not have addressed the merits because the defendant first must present his claim to the Attorney General through the Bureau of Prisons.[2]

## ANALYSIS

Mr. Brumbaugh submits that 18 U.S.C. § 3585 requires the district court to award him credit for time served on the state sentence. The government contends that Mr. Brumbaugh first must exhaust administrative remedies before the Bureau of Prisons. In his brief, Mr. Brumbaugh does not address this contention directly, but he does note that section 3585 has deleted the provision requiring the Attorney General to calculate credit for prior custody. This distinction between section 3585 and its predecessor, 18 U.S.C. § 3568, accounts for the dispute about the necessity of exhausting administrative remedies under section 3585.

### 1.

Section 3568, in effect prior to the enactment of section 3585, provided in part:

§ 3568. Effective date of sentence; credit for time in custody prior to the imposition of sentence

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give* any such person credit toward

service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed.

18 U.S.C. § 3568 (emphasis supplied). This provision required the Attorney General to calculate the credit. Consequently, a prisoner was required to exhaust administrative remedies with the Bureau of Prisons before seeking relief with the court. *See, e.g., Ramsey v. Brennan,* 878 F.2d 995, 996 (7th Cir.1989). Section 3568 was repealed as part of the Sentencing Reform Act and replaced with section 3585, which provides:

§ 3585. Calculation of a term of imprisonment

(a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—*A defendant shall be given* credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which sentence was not imposed;

that has not been credited against another sentence.

Appellant's Br. at 6 (quoting *North Carolina v. Pearce,* 395 U.S. 711, 718–19, 89 S.Ct. 2072, 2077–78, 23 L.Ed.2d 656 (1969) (footnote omitted)). In Mr. Brumbaugh's view, the sentencing court must determine whether Congress intended the two violations to be separately punished. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This claim need not detain us. Assuming *arguendo* that the federal and state offenses are the same, it is well established that conviction of the same offense by different sovereigns does not implicate the double jeopardy clause. *See Heath v. Alabama,* 474 U.S. 82, 88–90, 106 S.Ct. 433, 437–38, 88 L.Ed.2d 387 (1985); *United States v. Belton,* 890 F.2d 9, 10 (7th Cir.1989); *United*

*States v. Jordan,* 870 F.2d 1310, 1312 (7th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989).

**2.** The fact that the district court reached the merits of the appellant's contention without addressing whether the court or the Attorney General ought to make the computation suggests the possibility that the government failed to address the issue in the district court. However, the appellant has made no such argument to us. In any event, we must address the issue because it concerns the jurisdiction of the sentencing court. *See United States v. Lucas,* 898 F.2d 1554, 1556 (11th Cir.1990).

18 U.S.C. § 3585 (emphasis supplied). The new provision lacks any reference to the Attorney General, but also does not confer specifically upon the court the responsibility for awarding the credit.

### 2.

We agree with our colleagues in the Eleventh Circuit that the change in language does not signal that Congress intended to relieve the Attorney General of the responsibility for making this calculation. *See United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir.1990).[3] Several tools of statutory interpretation support this conclusion. The structure and language of the statute, when combined with the available legislative history, convince us that Congress did not intend, despite the absence of an explicit reference to the Attorney General, to change the role of that officer with respect to computing credit for time served on a state sentence. The use of the passive voice in the statutory language requires us to infer a subject; the most logical inference is that the Attorney General, who has been charged with granting credit under section 3568 for over thirty years, is the intended subject of the sentence. The legislative history does not address the deletion of the reference to the Attorney General. *See* Comprehensive Crime Control Act of 1984, S.Rep. No. 225, 98th Cong., 2d Sess. 128–29, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3311–12. Certainly, if Congress had decided to make such a significant change in the allocation of responsibility in the sentencing function, the legislative history—comprehensive on so many other areas of criminal law reform—would reflect that policy choice. We also note that, in drafting sections proximate to section 3585, Congress repeatedly and specifically included the phrase "[t]he court shall" or "[t]he court

may."[4] Therefore, we must conclude that, had Congress intended to assign the computation function of section 3585 to the courts, it would have been no less specific in doing so than it was when it crafted the other sentencing sections.

We hold therefore, that the Attorney General has responsibility for calculating the appropriate credit under section 3585. Consequently, the district court reached the issue prematurely. Mr. Brumbaugh first must seek such credit under the appropriate procedures of the Bureau of Prisons. "The Attorney General should be free to exercise his own judgment on the matter, free of any perception that the district court has rendered an authoritative decision." *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir.1987). Accordingly, the judgment of the district court is vacated insofar as it adjudicated the sentence computation under section 3585. In all other respects, the judgment is affirmed.

VACATED IN PART, AFFIRMED IN PART.

---

**3.** We also note that, in *United States v. Woods*, 888 F.2d 653, 654 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990), the Tenth Circuit held that exhaustion was required, but that the government had waived the issue by failing to raise it. The *Woods* court did not discuss the changed statutory language in determining that exhaustion was required.

**4.** That language is included in the following sections of Subchapter D—Imprisonment: § 3582(a), (c) & (d), involving imposition of a sentence of imprisonment; § 3583(a), (c)–(g), concerning a term of supervised release following imprisonment; and § 3584(b), regarding concurrent or consecutive terms.