**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony L. CHALKER,
Defendant–Appellant.**

No. 89–10396.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 1990.

Decided Sept. 26, 1990.

---

Thomas W. Murphy, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Elliot Enoki, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before WIGGINS and LEAVY, Circuit Judges, and STEPHENS,* District Judge.

LEAVY, Circuit Judge:

Anthony L. Chalker appeals his sentence, following a guilty plea, to one count of unarmed bank robbery. Chalker contends that the district court erred by holding that it did not have authority to credit Chalker for time served in a residential drug treatment program. Chalker also raises certain constitutional challenges to his sentence. We affirm in part, and reverse and remand in part.

## FACTS AND PROCEEDINGS

On August 10, 1988, Chalker entered a branch of the Honolulu Federal Savings &

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

Loan and presented a teller with a note demanding $6,000. The note indicated that Chalker was armed with a gun and had wired explosives to the silent alarm frequency. After taking $947 in currency from the teller, Chalker was arrested by an off-duty police officer who had become suspicious of the teller's nervous and anxious behavior.

Chalker pleaded guilty to one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(g), and was sentenced on December 19, 1989. Following what was then the law of this circuit,[1] the district court did not sentence Chalker pursuant to the Sentencing Guidelines, instead imposing a five-year term of probation conditioned in part on Chalker's residence in and successful completion of a residential drug treatment program named Eureka House. Chalker also was required to participate in subsequent drug testing conducted by the probation office.

On January 13, 1989, the government appealed Chalker's sentence in light of the Supreme Court's decision in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), upholding the constitutionality of the Guidelines. On May 30, 1989, we summarily reversed the district court and remanded the case for resentencing. The district court resentenced Chalker to a term of imprisonment of twenty-four months in accordance with the Guidelines.[2] Chalker timely appeals.

## DISCUSSION

### I. Grant of Credit for Time Previously Served

Chalker argues that the district court erred by holding that it did not have authority under the Guidelines to credit him for his time spent at Eureka House. The government contends that the district court correctly ruled that it lacked authority to award credit for time served because Congress has expressed no intent to vest this power in the district court. We review de novo the district court's application of the Guidelines. *United States v. Duarte*, 901 F.2d 1498, 1500 (9th Cir.1990).

Under the Guidelines, credit for prior custody is governed by 18 U.S.C. § 3585(b), which provides in pertinent part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; ...
>
> ....
>
> that has not been credited against another sentence.

*Id.* This statute took effect for crimes committed after November 1, 1987. *United States v. Eatinger*, 902 F.2d 1383, 1384 (9th Cir.1990) (per curiam).

Before this date, calculation of a term of imprisonment was governed by 18 U.S.C. § 3568, which provided that "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." *Id.* Thus, under repealed section 3568, the Attorney General, the Department of Justice, and the Bureau of Prisons had the responsibility and authority for computing sentences and granting credit for time served. *United States v. Berry*, 814 F.2d 1406, 1411 (9th Cir.1987).[3]

---

**1.** At the time of Chalker's original sentence, we had held the Sentencing Guidelines to be unconstitutional. *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988), *vacated, United States v. Chavez–Sanchez*, 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989). The Supreme Court subsequently upheld the constitutionality of the Guidelines, *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), implicitly overruling *Gubiensio–Ortiz.*

**2.** In *United States v. Gonzalez–Sandoval*, 894 F.2d 1043, 1052–53 (9th Cir.1990), we upheld the retroactive application of *Mistretta* to crimes committed after *Gubiensio–Ortiz* but before the Supreme Court's decision in *Mistretta.*

**3.** The Attorney General has delegated authority in this area to the Bureau of Prisons pursuant to 28 C.F.R. § 0.96, which states in pertinent part: "The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of

A defendant seeking credit for time previously served was required to exhaust administrative remedies through the Bureau of Prisons before becoming entitled to seek relief in the district court. *Chua Han Mow v. United States,* 730 F.2d 1308, 1313 (9th Cir.1984), *cert. denied,* 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985).

In contrast, section 3585(b) makes no designation of authority to compute credit for time served. Additionally, the legislative history of section 3585(b) lacks any statement of congressional intent either to alter or retain the previously explicit administrative authority to compute sentences. *See Comprehensive Crime Control Act of 1984,* S.Rep. No. 225, 98th Cong., 2d Sess. 128–29, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3311–12 [hereinafter *Crime Control Act* ]. The question of whether the district court has the authority to make the credit calculation under the new statute is one of first impression in this circuit.

Two other circuits, the Seventh and Eleventh, have considered this question and concluded that the Attorney General retains the initial power of determining credit for time served. *United States v. Brumbaugh,* 909 F.2d 289, 291 (7th Cir.1990); *United States v. Lucas,* 898 F.2d 1554, 1555–56 (11th Cir.1990) (per curiam). The Tenth Circuit also has reached this conclusion, although not directly. In *United States v. Woods,* 888 F.2d 653, 654 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990), the Tenth Circuit held that administrative exhaustion was required in a suit seeking credit under section 3585(b); however, the *Woods* court did not discuss the changed statutory language in determining that exhaustion was required.

In finding that the power to grant credit for time served remained with the Attorney General, the Seventh Circuit stated that "[t]he use of the passive voice in the statutory language requires us to infer a subject; the most logical inference is that the Attorney General, who has been charged with granting credit under section 3568 for

purposes ... charged with or convicted of of-

over thirty years, is the intended subject of the sentence." *Brumbaugh,* 909 F.2d at 291; *see also Lucas,* 898 F.2d at 1556 ("Our examination of the current statute and its legislative history leads us to conclude that Congress did not intend any change in assigning this determination [to grant credit]."). The *Brumbaugh* court also noted that the legislative history of section 3585(b) provides no direct guidance as it fails to discuss the deletion of the sentence, and argued that "if Congress had decided to make such a significant change in the allocation of responsibility in the sentencing function, the legislative history ... would reflect that policy choice." *Brumbaugh,* 909 F.2d at 291.

■ Although reluctant to create an unnecessary conflict between the circuits, we cannot agree that Congress' choice not to include the relevant language from section 3568 in section 3585(b) is to be wholly dismissed as immaterial. *See United States v. Fernandez,* No. 89–234–33, slip op. at 2, 1990 WL102803 (E.D.Pa. July 16, 1990) ("Congress chose not to include the ... language from 18 U.S.C. § 3568, suggesting that it did not intend to vest the Attorney General with the power to credit sentences for time spent prior to sentencing"). We thus decline to follow our sister circuits in holding that the initial authority to grant credit for time served remains solely with the Attorney General.

"It is a canon of statutory construction that where ... the words of a later statute differ from those of a previous one on the same or a related subject, the legislature must have intended them to have a different meaning." *Klein v. Republic Steel Corp.,* 435 F.2d 762, 765–66 (3d Cir.1970) (footnote omitted); *see also Muscogee (Creek) Nation v. Hodel,* 851 F.2d 1439, 1444 (D.C.Cir.1988) (same), *cert. denied,* 488 U.S. 1010, 109 S.Ct. 795, 102 L.Ed.2d 786 (1989). Congress could have quite simply repeated section 3568's explicit authorization of authority to the Attorney General in reenacted section 3585. It chose not to do so. It has been historically assumed

fenses against the United States...." *Id.*

that Congress intends what it enacts. *United States R.R. Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). We cannot then ignore or disregard Congress' failure to repeat the language of section 3568 in reenacted section 3585(b). Accordingly, we find that section 3585(b) does not grant to the Attorney General the sole, initial authority to grant credit for time served.

■ On the other hand, we do not go so far as to hold that Congress intended to *remove* authority to grant credit for time served from the Attorney General and vest it wholly in the district court. Although reaching a different eventual outcome, we agree with the Seventh Circuit that Congress' inclusion of phrases vesting explicit power in the district court in sections proximate to section 3585(b),[4] and the absence of such statutory language in section 3585(b), forces us to conclude that if Congress had intended to assign the sole computation power of credit for time served to the courts, "it would have been no less specific in doing so than it was when it crafted the other sentencing sections." *Brumbaugh*, 909 F.2d at 291; *see also United States v. Napier*, 861 F.2d 547, 549 (9th Cir.1988) (" '[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " (quoting *Russello v. United States*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983))). We thus decline to find that section 3585(b) gives to the district court the sole, initial power to grant credit for time served.

■ Instead, we conclude that by failing to specify to whom such power was vested, Congress intended the Attorney General and the district courts to have concurrent authority to grant credit for time served. As a practical matter, our holding will give to the district court, in its discretion, the initial opportunity to grant credit for time previously served. We believe this result to be fully compatible with Congress' intent in passing the Comprehensive Crime Control Act of 1984.[5] The Senate Report, in discussing the sentencing provisions of the Act, specifically decried the lack of certainty and finality under the pre-Guidelines sentencing system to the effect that "prisoners often do not really know how long they will spend in prison until the very day they are released." *Crime Control Act*, S.Rep. No. 225, 98th Cong., 2d Sess. at 49, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3232. Allowing the district court, in its discretion, to compute credit time when the sentence is imposed furthers this congressional purpose by informing one convicted of a crime at the outset of their sentence precisely how long they will spend in prison.[6]

■ Accordingly, we hold that the district court had jurisdiction to grant credit to Chalker for time spent in Eureka House.

## II. *Constitutional Challenges*

■ In all other respects, the sentence imposed by the district court is affirmed. Chalker's constitutional challenges to his sentence are meritless. First, a district court's discretionary decision not to downwardly depart from the Guidelines is not subject to review on appeal. *See United States v. Morales*, 898 F.2d 99, 103 (9th Cir.1990). Second, the Guidelines sentence

---

4. The language "The court shall" or "The court may" appears in the following sections of Title 18, Subchapter D—Imprisonment: §§ 3582(a), (c) & (d) (imposition of sentence); §§ 3583(a), (c)–(g) (supervised release); and § 3584(b) (concurrent or consecutive terms).

5. Although we noted *supra* that there is no direct legislative history concerning to whom authority to grant credit for time served was to be vested by section 3585(b), this does not end our inquiry. "In determining the meaning of [a] statute, we look not only to the particular statu-

tory language, but to the design of the statute as a whole and to its object and policy." *Crandon v. United States*, —— U.S. ——, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990).

6. The pertinent facts of this case bolsters our conclusion. Chalker was resentenced under the Guidelines on July 24, 1989. This appeal was argued and submitted almost a year later, on July 16, 1990. To this date, the Bureau of Prisons has not yet made a determination whether to grant credit to Chalker for his time spent in Eureka House.

imposed by the district court did not violate Chalker's due process rights by unconstitutionally restricting the district court's discretion to consider individualized sentencing factors. *See United States v. Brady,* 895 F.2d 538, 540 (9th Cir.1990). Finally, Chalker's sentence was not manifestly unjust and unreasonable because he had no reasonable expectation of finality in his original illegal sentence. *See United States v. Kane,* 876 F.2d 734, 735–36 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989).

AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART