937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey L. COX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2803.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 2, 1991.*
Decided July 16, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey L. Cox pleaded guilty to conspiracy to possess with intent to distribute marijuana and to distribute marijuana, and wilful failure to file a Federal Income Tax Return. He received sentences of three years and one year to be served concurrently. Cox did not file a direct appeal from that conviction, but has now filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 35. The basis of his motion is that he should receive credit towards his sentence for the nineteen months spent on bond prior to his sentencing.[1]
 
 
 2
 As support for his contention, Cox points to 18 U.S.C. Sec. 3568,[2] which requires the Attorney General to give an inmate credit towards his or her sentence for time spent in custody prior to sentencing. Cox argues that he was "in custody" while on bond because the conditions of bond restricted his freedom. Specifically, he asserts that while on bond he had to report to the U.S. Probation Office by telephone every Friday, had to clear all plans to travel outside the district, and had to restrict his intake of alcohol and be willing to submit to a urinalysis if requested.
 
 
 3
 As an initial matter, we must determine whether the district court had jurisdiction to consider the claim. Rule 35(a) allows challenges to the legality of a sentence, and Rule 35(b) provides a mechanism for requesting a reduction in the sentence. The present claim, however, falls under neither of those provisions. A Rule 35(b) motion had to be brought within 120 days after imposition of the sentence, and that time period had long expired when this motion was filed. Although a Rule 35(a) motion can be brought at any time, the claim presented by Cox does not attack the legality of the sentence but rather argues that the sentence has been partially served. This claim focuses upon the execution of the sentence, and must be brought in a habeas petition in the jurisdiction in which the prisoner is confined. Therefore, the court did not have jurisdiction to consider this claim under Rule 35.
 
 
 4
 In appropriate cases, this court may construe a motion as a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. We decline to do so in this case, however, because the record does not indicate that the district court would have jurisdiction even under that interpretation of this motion. Under Sec. 3568, the Attorney General is instructed to award credit for time spent in custody prior to sentencing. In order to assert that credit has been denied in an illegal or unconstitutional manner, the inmate must first submit his claim for credit to the Attorney General (or the Bureau of Prisons, to whom the Attorney General has delegated its authority), and allow the Attorney General to determine whether credit will be awarded. This requirement that an inmate first exhaust administrative remedies before pursuing a Sec. 2241 petition is jurisdictional. See United States v. Brumbaugh, 909 F.2d 289, 290 n. 2 (7th Cir.1990) (addressing Sec. 3585, which replaced Sec. 3568 but did not alter the role of the Attorney General); United States v. Hornick, 815 F.2d 1156, 1160 (1987); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990). The record contains no evidence that Cox has submitted his claim to the Bureau of Prisons, and he does not make that assertion on appeal. Therefore, we may not construe the Rule 35 motion as a habeas petition under Sec. 2241, because the district court would still be without jurisdiction.
 
 
 5
 The decision of the district court is VACATED and the case REMANDED with instructions to dismiss for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Cox attempts to raise other issues on appeal, but this was the only issue presented to the district court and thus the only issue properly before us on appeal
 
 
 [2]
 Section 3568 was repealed and 18 U.S.C. Sec. 3585 applies to offenses committed after November 1, 1987. The offenses in this case occurred before that date, and are thus controlled by Sec. 3568