952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Scott BIGELOW, Vincent Lima and Anthony W. Vaughan,
Defendants-Appellants.
 Nos. 91-2121, 91-2122 and 91-2123.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1991.
Decided Jan. 21, 1992.*
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 This case is before the court for the second time, this time as a consolidated appeal from the district court's resentencing. On the first go-round, all three defendants challenged their convictions and the government appealed the district court's downward departures from the sentencing guidelines. U.S. v. Bigelow, 914 F.2d 966 (7th Cir.1990). We affirmed the convictions but vacated and remanded for resentencing, holding that 1) the district court had applied the wrong Guideline offense section to the defendants' conduct; 2) the district court had abused its discretion when it improperly departed downward from the suggested sentences of Bigelow and Vaughan by considering the conduct of one of the victims; and 3) the district court improperly adjusted Lima's offense level when it wrongly characterized Lima's conduct as "minor." Bigelow, 914 F.2d at 974-76.
 
 
 2
 At resentencing, the district court concluded that the circumstances in this case made a sentence at the low end of the applicable guidelines appropriate. However, the court declined to grant the defendants' requests for downward departures. All three defendants' claim that the district court erred in not granting a downward departure for post-sentencing rehabilitation, employment history and family situation, because the district court mistakenly believed that our opinion in Bigelow precluded such departure. In addition, defendant Lima claims that the district court erred in not granting him credit against his prison term for the probation time he has served, and that the district court erred in limiting credit for community service to an hour for hour basis.[1]
 
 
 3
 Although we are inclined to agree with the district court on all matters, we lack appellate jurisdiction to consider the district court's decision not to depart downward, and we lack subject matter jurisdiction to consider the matter of credit for prior custody.
 
 I. Downward Departure
 
 4
 When a refusal to grant a downward departure from the Sentencing Guidelines reflects an exercise of the district court's discretion, we have no jurisdiction to review that refusal. U.S. v. Poff, 926 F.2d 588, 590 (7th Cir.1990); U.S. v. Franz, 886 F.2d 973, 978 (7th Cir.1989). Defendants argue that the decision in this case is reviewable because it is a product of an erroneous conclusion that the district court lacked authority to depart. See Poff, 926 F.2d at 591. However, the district court record makes clear that the decision not to depart was the product of judicial discretion, thus depriving us of jurisdiction.
 
 
 5
 Departures from the Sentencing Guidelines are permitted in atypical cases, at the sentencing court's discretion. In determining whether a downward departure was warranted, the district court was guided by Guideline § 5K2.0 which provides for a departure if the district court finds
 
 
 6
 that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.
 
 
 7
 The transcripts of the sentencing hearing show beyond a doubt that the district court carefully considered the defendants' arguments for downward departure based on post-conviction rehabilitation, work history and family situation, and exercising its discretion, declined to grant the departures. Addressing the arguments of all three defendants, the district court stated that
 
 
 8
 Now, so far as the argument that there should be a downward departure because of the rehabilitation, while I do think that in certain limited areas rehabilitation can be considered in a resentencing, it seems to me that in this particular situation, that it is not appropriate that the good acts of each of the defendants constitute grounds for a downward departure.
 
 
 9
 Partly it's my view that this is, your good actions, even though they take effort and it's laudable, and I give you all praise and credit for it, this is something that is expected by the sentencing guideline commission, as well as by the sentencing judges. So it is not outside the normal contemplation that you have here. Transcript at 97-98 (May 3, 1991).
 
 
 10
 In arguing that the district court thought it lacked discretion to depart, defendants rely on a portion of the transcript, which, when placed in context, does not support such a conclusion. In addressing employment issues, the district court stated,
 
 
 11
 Similarly, the loss of a job, the loss of employment, all of that unfortunately is involved in custodial sentences. It again is something that is regularly considered. It, in my opinion, is not grounds for downward departure. I certainly, if I had the power to depart, I would want to exercise it in this case, as I have indicated before. But, in my opinion, I don't have the power. Transcript at 98-99 (emphasis added).
 
 
 12
 The district court's comments regarding its power to depart came immediately after it had exercised the very power defendants claim the court believed it lacked. Therefore, these comments cannot be imbued with the meaning that the defendants suggest. The transcript read as a whole makes clear that the district court did consider all of the defendants' arguments for downward departure, and refused to depart, not because it believed it could not but because, in the court's opinion, the defendants had not demonstrated atypical circumstances under § 5K2.0. See United States v. Prescott, 920 F.2d 139 (2d Cir.1990).
 
 
 13
 This point was pressed home when counsel for defendants Vaughan argued to the court that "the Court may give you much more discretion than you believe you have." The district court replied, "I do believe I have a(sic) discretion. Again, I adhere to my previous ruling" (Tr. at 116-17). This colloquy eliminates any possibility that the district court was under a mistaken notion that it lacked authority to depart.
 
 
 14
 Therefore, because the decision not to depart downward was a matter of judicial discretion, we do not have jurisdiction over this matter.
 
 
 15
 II. Defendant Lima--Credit for Probation/Community Service
 
 
 16
 Defendant Lima brings two additional challenges to the district court's decision. First, Lima contends that the district court should have credited the amount of probation he had previously completed against his incarceration. Instead, the district court credited this time against his post-incarceration supervised release. Second, Lima contends that the district court should have credited his 381 hours of community service against his incarceration on something more generous than an hour-for-hour basis. We hold that because Lima has not yet sought credit through the Bureau of Prisons, the district court did not have jurisdiction to reach the issue.
 
 
 17
 A term of imprisonment is to be calculated under 18 U.S.C. § 3585 which provides, in pertinent part,
 
 
 18
 (b) Credit for prior custody--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 19
 (1) as a result of the offense for which the sentence was imposed: or
 
 
 20
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which sentence was not imposed;
 
 
 21
 that has not been credited against another sentence.
 
 
 22
 We have held that under § 3585, the Attorney General is responsible for calculating the appropriate credit for prior custody. U.S. v. Brumbaugh, 909 F.2d 289 (7th Cir.1990). See also U.S. v. Lucas, 898 F.2d 1554 (11th Cir.1990). The Attorney General has delegated his authority to make determinations under § 3585 to the Bureau of Prisons. Therefore, a defendant must exhaust administrative remedies with the Bureau of Prisons before seeking relief from the courts. The matter of exhaustion under § 3585 is jurisdictional. Brumbaugh, 909 F.2d at 290, n. 2. Because Lima has not sought credit under appropriate procedures of the Bureau of Prisons, the district court was without jurisdiction to adjudicate credit under § 3585.
 
 
 23
 We reject the argument that this case is somehow distinguishable from Brumbaugh because it involves a resentencing after the defendant has served a significant portion of his original sentence. Congress has not provided for such a distinction. Section 3585 and the Sentencing Guidelines went into effect concurrently on November 1, 1987. If Congress had intended the procedure for a resentencing following a government appeal permitted under the Sentencing Guidelines to be treated differently from any other sentencing procedure, it would have made this distinction in § 3585.
 
 
 24
 Because Lima must first seek credit under the appropriate procedures established by the Bureau of Prisons before he may invoke the jurisdiction of the district court, the district court judgment is vacated insofar as it adjudicated the sentence computation under § 3585.
 
 
 25
 Accordingly, the defendants' appeal of the district court's decision not to grant a downward departure is dismissed for lack of appellate jurisdiction. Defendant Lima's appeal of the calculation of his sentence under 18 U.S.C. § 3585 is vacated and remanded for dismissal for lack of subject matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Both parties have filed a statements requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In his brief, defendant Lima also argues that the district court erred in not considering that his conduct was "aberrant" not "atypical." Lima Brief at 15-18. We reject this argument for two reasons. First, the argument was not presented at the resentencing, and second, these arguments were presented in substance at the original sentencing and this court rejected any downward departure by the district court on this basis as an abuse of discretion