962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Terry ALLEN, Defendant-Appellant.
 No. 90-6891.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 24, 1991
Decided: May 21, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-90-6)
 Steven H. Goldblatt, Director, Beth E. Cook, Supervising Attorney, K. Terence Denson, Student Counsel, Joseph G. Petrosinelli, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Appellant.
 Margaret Person Currin, United States Attorney, Richard H. Moore, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Lee Allen appeals from an order of the district court denying his motion for a credit against his jail term under 18 U.S.C.A. § 3585(b) (West Supp. 1991) for time spent released on bond while awaiting sentencing.[1] We vacate the district court's order and remand with instructions to dismiss the motion.
 
 
 2
 Allen pled guilty to a federal information charging him with breaking into a Post Office with the intent to commit a larceny, and aiding and abetting, in violation of 18 U.S.C. §§ 2115 and 2 (1988), and was released on bond pending sentencing. The terms of his release required, among other things, that he not leave the Eastern District of North Carolina without the permission of the court, and that he submit to random urinalysis. Allen was sentenced on May 10, 1990, to a fifteen-month term of imprisonment, to be followed by three years of supervised release.
 
 
 3
 Allen subsequently filed a pro se motion in the district court requesting that he be granted a credit against his jail term for the time spent on bond awaiting sentencing. The district court denied this motion, holding that the conditions placed on Allen during his release were not so onerous as to entitle him to a credit against his jail term. Allen filed a timely notice of appeal. We appointed counsel for Allen and scheduled the case for oral argument. We denied Allen's motion to expedite the appeal but granted his subsequent motion to submit the case on the briefs.
 
 
 4
 Allen argues that the Attorney General must make the initial determination of eligibility for a credit under § 3585(b), and, because he has not sought a determination from the Attorney General and exhausted his administrative remedies, the district court lacked jurisdiction to consider his motion. The Government filed a brief conceding that the district court lacked jurisdiction.[2]
 
 
 5
 Allen seeks a credit against the term of imprisonment imposed; however, Allen's fifteen-month term of imprisonment expired during the pendency of this appeal. We note, however, that this appeal is not moot. Should Allen ultimately prevail on his claim for a credit, his term of supervised release would be effectively shortened because its commencement date would be moved back. Accordingly, though Allen has completed his prison term, a credit against that term would have a concrete effect upon the duration of Allen's current custodial status.
 
 
 6
 The question before the Court is whether the Attorney General must make the initial determination as to any credit due under § 3585 and a prisoner exhaust his administrative remedies before proceeding in court, or whether a prisoner may seek to have the sentencing court make the initial determination as to entitlement to a credit.
 
 
 7
 Before its repeal, § 3568 specifically authorized the Attorney General to make the necessary determination and courts generally required prisoners to exhaust their administrative remedies before allowing suit in federal court. See, e.g., Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). However, in enacting § 3585(b) Congress deleted the reference to the Attorney General and the statute currently does not state who shall make the initial eligibility determination.
 
 
 8
 The Supreme Court recently held in United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S. 1992), that despite the change in language, the Attorney General retains the initial authority to make the credit determination under § 3585(b). See United States v. Brumbaugh, 909 F.2d 289, 290 (7th Cir. 1990). Both Wilson and Brumbaugh dealt with a situation where the defendant sought the credit at the time of sentencing. In the present case, Allen sought relief after he had already been sentenced. Though the factual predicate is somewhat different, we believe that the conclusion in Wilson that the Attorney General must make the initial determination is equally applicable to the present situation. Under a similar set of facts the Eleventh Circuit has reached the same conclusion. United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (per curiam).
 
 
 9
 Accordingly, we conclude that the Attorney General retains sole, initial authority to determine eligibility for a credit under § 3585(b). Only after a prisoner has exhausted his administrative remedies may he proceed to the district court. In conclusion, we vacate the district court's order and remand with instructions to dismiss the motion for lack of jurisdiction.
 
 VACATED AND REMANDED
 
 
 [1]
 In his motion Allen sought a credit under 18 U.S.C.A. § 3568 (West 1985). However, § 3568 was repealed prior to the time of Allen's offense and was replaced by § 3585
 
 
 [2]
 The sole issue presented in this appeal is whether the district court had jurisdiction to consider Allen's motion at this stage, not whether the conditions under which Allen was released were such as to entitle him to a credit. We express no opinion as to the merits of the underlying claim