972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis CRUZ-CARIA, Defendant-Appellant.
 No. 91-30343.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Cruz-Caria appeals from his sentence, imposed following a guilty plea, for aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Cruz-Caria contends that the district court erred by refusing to grant credit against his sentence for time served in state custody, because state prosecution for his offense was ultimately dismissed in favor of the instant federal prosecution. We dismiss the appeal.
 
 
 3
 Cruz-Caria was arrested by state authorities on February 5, 1991, and transferred to federal custody on April 2, 1991. At sentencing, the district court ordered that he receive credit against his sentence beginning with his April 2 transfer into the custody of the U.S. Marshal. Cruz-Caria contends that he is due credit from the date of his February 5 arrest, and further argues that under 18 U.S.C. § 3585(b), the district court had not only the discretion but also the duty to calculate credit against his sentence at the time of sentencing. He suggests that we should expand our holding in United States v. Chalker, 915 F.2d 1254 (9th Cir.1990), to clarify this affirmative duty. The government suggests that this appeal is moot because on December 9, 1991, after appellant's opening brief had been filed, the district court issued an order stating its findings of fact and ordering that Cruz-Caria be given credit for time served beginning February 5, 1991.
 
 
 4
 The Supreme Court has overruled our holding in Chalker and held that the Attorney General retains exclusive authority to calculate credit for time served under section 3585. United States v. Wilson, 112 S.Ct. 1351, 1354 (1992). As under the former statute, 18 U.S.C. § 3568 (repealed), the district court had no authority to grant Cruz-Caria the relief he sought. See Wilson, 112 S.Ct. at 1354-55. Accordingly, he lacks any legal basis for this appeal, and we dismiss it. See 18 U.S.C. § 3742(a) (no basis for appeal of lawfully imposed sentence).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3