972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alberto Leibel GARCIA, Plaintiff-Appellant,
v.
BUREAU OF PRISONS; United States Parole Commission,
Defendants-Appellees.
 No. 91-36228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 20, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alberto Leibel Garcia, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition alleging the Bureau of Prisons improperly failed to credit him for time served on a state sentence when calculating his federal sentence release date. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and we affirm.
 
 
 3
 For crimes committed prior to November 1, 1987, 18 U.S.C. § 3568 was the applicable statute governing sentence calculations. United States v. Chalker, 915 F.2d 1254, 1256 (9th Cir.1990). Under section 3568, "it [was] the Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, which [had] the responsibility of computing sentences and giving credit for time previously served." United States v. Berry, 814 F.2d 1406, 1411 (9th Cir.1987). Prisoners could receive "credit toward federal sentences for the days spent in custody in connection with the offense for which the federal sentence [was] imposed prior to the actual imposition of sentence." Raines v. U.S. Parole Com'n, 829 F.2d 840 (9th Cir.1987); see also Bureau of Prisons Program Statement 5880.24, 5(b)(2-3) and 5(c)(1)(b) ("Program Statement").
 
 
 4
 Garcia was arrested for drug offenses in California on September 18, 1986. On December 22, 1986 he was convicted in state court of possession of approximately 10 kilos of cocaine for sale and sentenced to 6 years imprisonment. On August 31, 1987 Garcia was taken from state custody to Florida under a writ of habeas corpus ad prosequendum for purposes of federal prosecution on charges of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The racketeering charge arose in part out of the same events which resulted in Garcia's California possession for sale conviction, but also encompassed agreement to participate in a nationwide criminal enterprise. Garcia pleaded guilty to one count of racketeering conspiracy and received a 15-year pre-United States Sentencing Guidelines sentence.
 
 
 5
 Garcia's sentencing took place on May 10, 1988. As required by the plea agreement, both the government and the sentencing judge recommended that the federal sentence be served concurrent with the state sentence. Garcia was then returned to California to serve the remainder of his state sentence. He was paroled from his state sentence on January 27, 1990 and began serving his federal sentence on the same day. The Bureau of Prisons initially calculated January 27, 1990 as the starting date of his federal sentence, but later changed the starting date to May 10, 1988 in order to comply with the federal sentencing court recommendation that the state and federal sentences be served concurrently.
 
 
 6
 Garcia now seeks credit for the time served on his state sentence during the period between September 18, 1986, the date when his state custody began, and May 10, 1988, the date of his federal sentencing. Garcia argues that his state and federal convictions were the same offense for purposes of credit calculations under Program Statement 5880.24, 5(c)(1)(b), which provides in relevant part:
 
 
 7
 If the federal inmate has been in presentence state custody on essentially the same charges [as the federal charges], credit will ... be given even though a federal detainer may not have been on file during that time. Credit will be given for time spent in non-federal presentence custody when the non-federal and federal charges are similar enough to be considered the same criminal act or offense. This is applicable when the factors of time, location, and the criminal acts are identical in both charges.
 
 
 8
 Here, although there was some overlap in the acts which formed the basis of the state count of conviction and the federal count of conviction, the federal racketeering conviction encompassed activity far in excess of simple possession for sale of cocaine in California. Accordingly, Garcia was not entitled to federal credit for time served on his California state conviction prior to sentencing on the federal racketeering charges. See 18 U.S.C. § 3568; Program Statement 5880.24, 5(c)(1)(b).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3