979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando MANSO-PORTES, and Carlos L. Picon, Defendants-Appellants.
 Nos. 89-2579, 89-2580.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 19, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On November 12, 1987, a jury convicted Armando Manso-Portes and Carlos L. Picon of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and using a telephone to facilitate a conspiracy in violation of 21 U.S.C. § 843. Mr. Manso-Portes and Mr. Picon each received sentences of five years imprisonment for the offenses of conspiracy to distribute cocaine and aiding and abetting in the distribution of cocaine on March 9, 1988. The defendants were placed on probation for five years on the 21 U.S.C. § 843 convictions. The defendants filed a timely appeal of their convictions, and this court affirmed the district court on February 6, 1989. United States v. Manso-Portes, 867 F.2d 422 (7th Cir.1989).
 
 
 2
 While their appeal was pending, the defendants filed essentially identical motions on October 24, 1988, seeking credit against their sentences for the period of time that they were on bond awaiting trial. Five months after the defendants' convictions were affirmed, the district court denied their motions for custodial credit. The defendants appeal the district court's decision that the time the defendants were on bond was noncustodial under 18 U.S.C. § 3568.[1]
 
 
 3
 We find that the district court lacked jurisdiction to rule on the defendants' motions for credit for prior custody. Under 18 U.S.C. § 3568, the Attorney General, not the sentencing court, awards credit for custody prior to the commencement of the sentence. United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992); United States v. Hornick, 815 F.2d 1156, 1160 (7th Cir.1987). Therefore, Mr. Manso-Portes and Mr. Picon must first seek section 3568 credit from the Attorney General (or the Bureau of Prisons, to whom the Attorney General has delegated its authority), and allow the Attorney General to determine whether the credit should be awarded. A prisoner is obliged to exhaust his administrative remedies with the Bureau of Prisons concerning custodial credit before seeking relief in a district court. United States v. Brumbaugh, 909 F.2d 289, 290 (7th Cir.1990). If the Attorney General's decision is illegal or unconstitutional, the district court has jurisdiction to review it pursuant to 28 U.S.C. § 2241.[2] Koller, 956 F.2d at 1417; Hornick, 815 F.2d at 1160. Neither the briefs filed in this court nor the record of the proceedings in the district court suggest that the defendants have followed the procedure set forth in section 3568.
 
 
 4
 The decision of the district court denying the defendants' motions for credit for prior custody is therefore VACATED and the case is REMANDED with instructions to dismiss for lack of jurisdiction.
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Congress repealed section 3568 and declared that 18 U.S.C. § 3585 applies to offenses committed after November 1, 1987. The convictions in this case involve offenses that occurred before that date, and thus are controlled by section 3568
 
 
 [2]
 The government has also argued that this court lacks jurisdiction becauses the appellants did not comply with Rule 4(b) of the Federal Rules of Appellate Procedure, which requires an appellant in a criminal case to file a notice of appeal within ten days after the entry of judgment. The government notes that the appellants filed their notices of appeal twelve days after the district court denied their motions. While the defendants styled their pleading in the district court as a "motion" for jail credit under 28 U.S.C. § 3568, we have held that section 3568 does not provide the district court or this court with jurisdiction to grant the requested relief. See Koller, 956 F.2d at 1417; Hornick, 815 F.2d at 1160. Rather, as we note above, a district court acquires jurisdiction to review the Attorney General's section 3568 determination in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. A habeas corpus action is civil in nature, and the defendants therefore had thirty days after the entry of judgment in which to file a notice of appeal. See United States v. Warden, 535 F.2d 365, 364 (7th Cir.1976), cert. denied, 429 U.S. 1045 (1977). While the district court lacked jurisdiction because the defendants had not exhausted their administrative remedies, the notices of appeal were timely