**Chris BROWN, Petitioner–Appellant,**

v.

**John D. ASHCROFT, Attorney General of the United States, Respondent–Appellee.**

No. 01–4256.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002.*

Decided June 21, 2002.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

ORDER

Chris Brown is serving a 30–year state sentence in an Indiana prison. He filed a petition for a writ of habeas corpus seeking transfer to federal custody, where he faces 38 years of imprisonment for ten unrelated federal convictions. He also sought credit against his federal sentence for time already served in the state prison.[1] The district court denied Brown's

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1. Because Brown is a state prisoner challenging a federal sentence that has not yet commenced, the proper respondent is the Attorney General. *Romandine v. United States,* 206 F.3d 731, 736 (7th Cir.2000). It is not clear that the Indiana district court would

petition, and he filed a timely appeal. We vacate and remand with directions to dismiss the petition without prejudice.

Indiana police arrested Brown in August 1991 after a robbery, high-speed chase, and shootout with officers, for which he faced numerous state charges. Shortly after his arrest Brown contacted the FBI and confessed to a string of bank robberies. While he awaited trial on the state charges, the United States obtained a writ of habeas corpus ad prosequendum and "borrowed" Brown from the Marion County jail in Indianapolis to face federal charges in the U.S. District Court for the Southern District of Indiana arising from the bank robberies. Brown pleaded guilty to the federal charges and was sentenced to a total of 38 years' imprisonment. The United States then returned him to state custody, where he subsequently pleaded guilty to the state charges and received the 30–year sentence he is currently serving.

The order in which Brown serves his state and federal time may dramatically affect the total number of years he spends in prison. The state judge who sentenced Brown ordered that his prison term run concurrently with his previously imposed federal sentences, but the district court did not order the federal sentences to run concurrently with the yet-to-be imposed state term and indeed was powerless to do so. See Romandine v. United States, 206 F.3d 731, 737–38 (7th Cir.2000). If Brown had been accepted into federal custody after his state sentence was imposed, he would be earning credit against both his state and federal terms. But in state prison he is earning credit against only his state sentence. The Bureau of Prisons

("BOP") could obviate the effect of Brown's place of confinement on his length of imprisonment by designating his state prison as the place of service of his federal sentence; if it did, Brown would earn credit for both terms even in state prison. 18 U.S.C. § 3621(b); Romandine, 206 F.3d at 738. But the BOP has not done so and has no obligation to do so. Id. As the situation stands, Brown must fully satisfy his state term in a state facility before being transferred to federal custody, and so could spend up to 68 years (rather than just 38) behind bars.

Brown's requests that he be transferred to federal custody and be given credit for time served relate to the execution of his federal sentences, and therefore his habeas corpus petition is governed by 28 U.S.C. § 2241. Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir.), cert. denied, 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000). Exhaustion of administrative remedies is a prerequisite to bringing a petition under § 2241. Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997). Exhaustion is not jurisdictional, and the government has waived any issue about Brown's failure to exhaust by not raising it before the district court, Schiselman v. United States Parole Commission, 858 F.2d 1232, 1234 n. 1 (7th Cir.1988), but we address exhaustion anyway because as a practical matter it limits the district court's ability to decide the merits of Brown's petition. The Attorney General, not the district court, has the responsibility for administering a prisoner's sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The Attorney General acts through the BOP to determine where an inmate serves his sentence and

have had personal jurisdiction over the Attorney General, but the Attorney General never challenged personal jurisdiction and so we do not address the issue. See Montenegro v. United States, 248 F.3d 585, 594 (7th Cir.

2001) (petition must be filed in district court having personal jurisdiction over respondent), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir.2001).

whether or not the inmate receives credit for time served. *Jake v. Herschberger*, 173 F.3d 1059, 1063–65 (7th Cir.1999) (discussing statute· replaced by 18 U.S.C. § 3621(b)); *United States v. Brumbaugh*, 909 F.2d 289, 290–91 (7th Cir.1990). The district courts are limited to reviewing the BOP's decisions. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992); *Brumbaugh*, 909 F.2d at 290. Therefore, Brown should have initially directed his requests to the BOP, not to the district court through a petition for habeas corpus. *Jake*, 173 F.3d at 1063; *Brumbaugh*, 909 F.2d at 291. Brown has not alleged that he initiated, let alone exhausted, his administrative remedies with the BOP, so the district court had no decision of the BOP to review. The district court should not have decided the merits of Brown's petition, but rather it should have dismissed the petition without prejudice, allowing him to re-file it after exhausting his administrative remedies. *See id.; Greene v. Meese*, 875 F.2d 639, 643 (7th Cir.1989).

Brown also argues on appeal that his guilty pleas to the federal charges were involuntary and that he received ineffective assistance of counsel. We do not address these additional contentions because they are beyond the scope of the § 2241 allegations in his petition to the district court.

The judgment of the district court is VACATED, and the case is REMANDED with instructions that Brown's petition be dismissed without prejudice.