**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ted R. MORENO, Defendant–**
**Appellant.**

No. 01–50106.

D.C. No. CR–98–00093–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

**838**

MEMORANDUM **

Ted R. Moreno, a former councilman for the City of Santa Ana, California, appeals his jury-trial conviction and concurrent 57–month sentences on 25 counts, including conspiracy to interfere with commerce by extortion under claim of official right, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"), honest services mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346, money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A) and (B), and making a false statement to the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001. Moreno's attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moreno has filed a pro se supplemental brief raising several issues. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

■ The first issue raised in the pro se brief is whether Moreno's Hobbs Act conviction should be reversed because there was an insufficient nexus between his conduct and interstate commerce to establish federal jurisdiction. We conclude that a sufficient nexus was established here because the evidence proved that the intended victim of Moreno's extortion conspiracy was a gas station owner who was seeking city approval of a beer and wine permit for his gas station. Because, as shown at trial, the subject of the crime itself involved interstate commerce, and the evidence also established that the victim was customarily engaged in interstate commerce and the crime had the potential to deplete the assets of this individual, as well as his business, the interstate commerce nexus was satisfied. *See United States v.*

*Lynch*, 282 F.3d 1049, 1053 (9th Cir.2002) (concluding that "crimes directed toward an individual violate the Hobbs Act only if: (1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce; [or] (2) if the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce"); *United States v. Atcheson*, 94 F.3d 1237, 1242 (9th Cir.1996) (concluding that *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), did not require proof of "substantial effect" on interstate commerce in Hobbs Act prosecution, but that continued use of "*de minimis* effect*" standard was proper).

■ The next issue raised in the pro se brief is whether Moreno's convictions should be reversed because the evidence shows that he was entrapped as a matter of law. We reject this contention, because "[i]t is inappropriate for an appellate court to determine whether a defendant was entrapped when such a determination would necessarily entail choosing between conflicting witnesses and judging credibility." *United States v. Tucker*, 133 F.3d 1208, 1217 (9th Cir.1998) (internal quotations omitted). We conclude that the government presented sufficient evidence to prove that Moreno was predisposed to commit the crimes, and, therefore, that he was not entrapped. *See id.* at 1217–18.

■ The pro se brief also raises the issue of whether the district court erred by not excluding the testimony of the government's rebuttal witnesses who were not disclosed until after the defendant had presented his case to the jury. We initially point out that Moreno did not ask the district court to exclude these witnesses. The record indicates, instead, that the dis-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

trict court properly granted Moreno's request for a short continuance to prepare for cross examination of these witnesses. Moreover, there is no evidence that this amount of time was insufficient to adequately prepare, or that the government in any way improperly withheld any material information regarding these witnesses. We therefore conclude there was no plain error in allowing this testimony. *See United States v. Olano,* 507 U.S. 725, 731–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that where defendant failed to raise a claim of error in the trial court, he must prove on appeal that his substantial rights were affected by an obvious error).

■ The final issue raised in the pro se brief is whether the district court should have adjusted Moreno's sentence to account for the period of time between the jury's verdict and Moreno's sentencing hearing, during which he was released on electronically monitored home detention. The district court could not have awarded Moreno credit against his sentence of imprisonment for this time pursuant to 18 U.S.C. § 3585(b). *See United States v. Checchini,* 967 F.2d 348, 350 (9th Cir.1992) (concluding that *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), effectively overruled *United States v. Chalker,* 915 F.2d 1254 (9th Cir. 1990), by holding that the district court lacks authority to order sentencing credit under § 3585(b)). In addition, Moreno has waived any claim that the district court should have departed pursuant to U.S.S.G. § 5K2.0 to account for this time because he did not raise this claim before the district court at sentencing. *See United States v. Quesada,* 972 F.2d 281, 283–84 (9th Cir.1992).

■ Counsel identified several potential issues in the *Anders* brief, the first of which is whether Moreno's rights were violated by the district court's denial of his motions to remove two jurors for cause.

As counsel correctly states, even if there was error, Moreno's rights were not violated because, although he used peremptory challenges to remove these jurors, he passed the final jury panel for cause. *See United States v. Martinez–Salazar,* 528 U.S. 304, 316–17, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000) (holding that use of peremptory challenges to remove jurors challenged for cause does not violate Federal Rule of Criminal Procedure 24(b) or the Constitution; reversal would be required only if a juror who should have been dismissed for cause was seated on the final jury).

The next potential issue identified in the *Anders* brief is whether the district court erred by denying Moreno's motion to dismiss several counts of the indictment based on an alleged violation of his First Amendment rights. The district court did not err. *See McCormick v. United States,* 500 U.S. 257, 272–73, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991) (concluding that *quid pro quo* requirement in Hobbs Act prosecutions, that the extorted payments be made in return for a promise to perform (or not to perform) an official act, ensures that officials cannot be prosecuted for legitimate fund-raising activities and clearly defines the prohibited conduct).

The *Anders* brief also identifies several potential sentencing issues, none of which has merit. *See United States v. Ancheta,* 38 F.3d 1114, 1118 (9th Cir.1994) (concluding that two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1 is mandatory where district court concludes that defendant committed perjury at trial); *United States v. Egge,* 223 F.3d 1128, 1133–34 (9th Cir.2000) (concluding that four-level leadership role enhancement under U.S.S.G. § 3B1.1(a) was not clearly erroneous where evidence showed there were at least five individuals, including the defendant, who bore some criminal responsibility for the commission of the offense

and the defendant held a managerial or supervisory role); *United States v. Riggins*, 40 F.3d 1055, 1058 (9th Cir.1994) (stating that the extent of a departure granted by the district court is not reviewable on appeal).

Our independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no other issues requiring further review. Accordingly, counsel's motion to withdraw is **GRANTED** and the district court's judgment is **AFFIRMED**.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.