UNITED STATES of America, Appellee,

v.

Roderick EDWARDS, Defendant–Appellant.

No. 78, Docket 91–1215.

United States Court of Appeals, Second Circuit.

Argued Sept. 17, 1991.

Decided Feb. 28, 1992.

Before: MESKILL, PIERCE and MAHONEY, Circuit Judges.

PIERCE, Circuit Judge:

Roderick Edwards appeals from a judgment of conviction and sentence entered in the United States District Court for the Southern District of New York, Pierre N. Leval, *Judge*, following Edwards' plea of guilty to distributing and possessing with intent to distribute 50 grams or more of cocaine base, in violation of Title 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). The district court sentenced Edwards to the statutory mandatory minimum of 120 months' imprisonment, 5 years' supervised release, and a $50 assessment.

On appeal, Edwards contends that the district court erred in not granting him sentencing credit for the time he spent released on bail, during which he was placed under electronic monitoring. We conclude that the district court has the authority to grant sentencing credit in the appropriate circumstances, that Edwards was not eligible for sentencing credit, and that Edwards' equal protection claim is without merit. Accordingly, we affirm the district court's judgment.

## BACKGROUND

On June 24, 1990, Roderick Edwards and Lillian Jones, an alleged co-conspirator of Edwards, were arrested by agents of the United States Bureau of Alcohol, Tobacco and Firearms as a result of an undercover investigation of narcotics traffickers operating in housing projects in Manhattan, New York. On June 25, 1990, a criminal complaint was filed against Edwards and Jones. The complaint charged Edwards with conspiring to violate federal narcotics laws and distributing and possessing with intent to distribute five grams or more of cocaine base in an apartment building in Manhattan, New York. That same day, Edwards was presented before a magistrate judge of the United States District Court for the Southern District of New York.[1]

Marjorie M. Smith, New York City (Legal Aid Soc. Federal Defender Services Appeals Unit, of counsel), for defendant-appellant.

Miguel A. Estrada, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., David E. Brodsky, Asst. U.S. Atty., of counsel), for appellee.

1. According to the government, Jones subsequently entered into a cooperation agreement

At the bail hearing, the government sought to have Edwards detained without bail on the grounds that he presented a risk of flight and posed a danger to the community. That application was denied. Edwards was released on a $50,000 personal recognizance bond, co-signed by Edwards' mother, his uncle, and a friend and business partner of his uncle; further, he was ordered to remain in his uncle's custody and instructed not to leave his uncle's apartment unless his uncle accompanied him. The government appealed to a district judge from this ruling of the magistrate judge and on June 26, 1990, the district court affirmed the bail ruling, but required, in addition to the conditions set by the magistrate judge, that the court's Pretrial Services Agency ("PSA") place Edwards under electronic monitoring. Thereafter, Edwards was subjected to electronic monitoring, and was directed not to leave his uncle's apartment without notifying the PSA and receiving its permission.

On September 27, 1990, a one-count information charging Edwards with distributing and possessing with intent to distribute 50 grams or more of cocaine base, in violation of Title 18 U.S.C. § 2 and Title 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), was filed. Edwards was arraigned and released under the pre-existing bail conditions. On October 17, 1990, Edwards pleaded guilty to violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Following the plea allocution, the government sought to have Edwards detained pursuant to Title 18 U.S.C. § 3143(a). This application was denied and Edwards was allowed to remain on bail under the same terms pending sentence. On April 11, 1991, at the time of Edwards' sentencing, his attorney, requested that

> since Mr. Edwards has been under a very severe form of supervision amounting to home detention and because home detention is treated in the Sentencing Guidelines in many instances as the substantial equivalent of a term of imprisonment, I request that the time that Mr. Edwards

has spent on bail under what amounts to home detention be credited toward the time he will be required to spend in prison in this case.

This request was denied.

The district court ruled that Title 18 U.S.C. § 3585(b), *infra*, did not provide for a defendant to receive credit for time released on bail, even when the conditions of the bail release were somewhat onerous and had directed that the defendant remain at his home. The court noted that although § 3585(b) does provide for a defendant to receive credit for time spent in official detention, it did not cover release under all of the varying degrees of court-ordered pre-trial restraint. The court further noted that even though bail orders are "orders of release," which characteristically include "some detentive aspect," credit was not available under the statute as a bail release order is not "an order of detention." Sentence was imposed and Edwards is now serving his sentence, as described above. This appeal followed.

## DISCUSSION

### I.

 The first question raised herein is whether a district court, under § 3585(b), has the authority to grant sentencing credit to a defendant at the time of imposition of sentence. The government argues that Edwards' motion for sentencing credit was premature and that he is required to exhaust the administrative remedies provided by the United States Bureau of Prisons ("BOP") in the first instance. The government argues that, if the BOP rejects Edwards' request he can seek review in the district court in the district of his confinement pursuant to Title 28 U.S.C. § 2241. We conclude that, in a proper case, the district court does have the authority to grant sentencing credit to a defendant at the time of sentence.

with the government pursuant to which she agreed to testify against Edwards and to plead guilty to conspiring to distribute cocaine base.

Jones was sentenced to five years' probation. She is not a party to this appeal.

In support of its contention that Edwards is required to exhaust his administrative remedies, the government relies primarily upon case law decided under the now-repealed Title 18 U.S.C. § 3568 (1982). Section 3568 read in pertinent part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

18 U.S.C. § 3568 (1982).

Section 3568 explicitly delegated the authority for computing sentences and granting credit for time served to the Attorney General, who, in turn, delegated such authority to the BOP. *See United States v. Pelaez,* 930 F.2d 520, 524 (6th Cir.1991). Thus, a defendant seeking credit for time previously served was required under § 3568 to exhaust the available administrative remedies prior to seeking relief under Title 28 U.S.C. § 2241. *Gonzalez v. Perrill,* 919 F.2d 1, 1–2 (2d Cir.1990) (per curiam). Also, a defendant released on bail pending trial was not entitled to credit toward his sentence for the period he was on bail, because § 3568 required that the defendant be "in custody," that is, physically confined. *Mieles v. United States,* 895 F.2d 887, 888 (2d Cir.1990).[2]

However, § 3568 was repealed by the enactment of the Sentencing Reform Act of 1984, which included § 3585(b) as part of the federal sentencing provisions. *See Pinaud v. James,* 851 F.2d 27, 30–31 (2d Cir.1988). Section 3585(b), which took effect for crimes committed on or after November 1, 1987, contains no reference to the Attorney General and provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; ... that has not been credited against another sentence.

18 U.S.C. § 3585(b) (1988).

Section 3585 is part of the Sentencing Reform Act of 1984. The interpretation of a federal statute is a question of law which we review *de novo. United States v. Wilson,* 916 F.2d 1115, 1117 (6th Cir.1990), *cert. granted,* — U.S. ——, 112 S.Ct. 48, 116 L.Ed.2d 26 (1991). The legislative history of § 3585(b) does not provide clear guidance on the changes in phraseology between the repealed § 3568 and its successor § 3585; it does not contain a statement of congressional intent to either alter or retain the administrative procedures under which the BOP previously computed sentences. *See Comprehensive Crime Control Act of 1984,* S.Rep. No. 225, 98th Cong., 2d Sess. 128–29 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3311–12.

■ Apparently, because of the change in the statutory language and the lack of any clear indication in the legislative history concerning the effect of that change, the courts have adopted various approaches as to whether, under § 3585(b), a prisoner has to exhaust administrative remedies prior to seeking relief in the district court for sentencing credit.

Previously, this Circuit has not ruled on the issue. The Seventh and Eleventh Circuits have concluded that, notwithstanding the deletion of the reference to the Attorney General, a defendant should exhaust his administrative remedies, by applying for sentencing credit from the BOP, prior to moving in the district court for such credit. *See, e.g., United States v. Brumbaugh,* 909 F.2d 289, 291 (7th Cir.1990); *United States v. Lucas,* 898 F.2d 1554,

---

2. *Mieles* was consistent with prior cases that had considered the issue under § 3568, *see* 895 F.2d at 888, and the interpretation adopted by the BOP. *See* Bureau of Prisons Program Statement No. 5880.24 (Sept. 5, 1979) (defining "in custody" as used in § 3568 as physical incarceration in a jail-type institution or facility but as not including all time that may be considered custody for habeas corpus jurisdiction purposes).

1556 (11th Cir.1990) (per curiam).[3] The Eighth and Ninth Circuits have determined that the district court and the Attorney General have concurrent authority to credit a defendant's sentence for time spent in pre-sentence detention. *See, e.g., United States v. Beston,* 936 F.2d 361, 362–63 (8th Cir.1991) (per curiam); *United States v. Chalker,* 915 F.2d 1254, 1258 (9th Cir.1990). Further, the Sixth Circuit has concluded that the district court has the initial authority to grant credit under the statute. *See Wilson,* 916 F.2d at 1119. The First Circuit has concluded that the change in the statutory language reflects a congressional intent to vest the power of determining sentencing credit in the district court, *United States v. Benefield,* 942 F.2d 60, 67 n. 7 (1st Cir.1991), but has left open the question of whether that power is exclusively within the sentencing court's prerogative or is shared concurrently by the court and the Attorney General. *United States v. Zackular,* 945 F.2d 423, 424 n. 1 (1st Cir. 1991).

We, too, conclude that the sentencing district court does have authority to grant credit under § 3585(b). However, we need not and do not make any determination as to whether, under § 3585(b), the granting of sentencing credit is exclusively within the district court's province or is shared concurrently by the sentencing court and the Attorney General. We find persuasive the reasoning of the courts that have found that the district court has this authority and we believe this approach to be the proper course, in part because it respects Congress' deletion of the explicit statutory language delegating authority to the Attorney General. Our conclusion is buttressed by the placement of § 3585(b) in Chapter 227 of Title 18 in the portion designated "Sentences," and § 3585 "is itself specifically styled 'Calculation of a Term of Imprisonment,' which delegates the authority to impose sentence upon the trial judge,

which authority includes the duty to *calculate* and *credit* presentence custodial time in the determination of the sentence of a convicted offender at the time of sentencing." *Wilson,* 916 F.2d at 1118 (emphasis in original). We also note that allowing the district court to grant a defendant's application for sentencing credit at the sentencing hearing furthers the Sentencing Guidelines' goal of enabling the defendant to know how long he will spend in prison when such a sentence is imposed. *Chalker,* 915 F.2d at 1258.

## II.

Having decided that the district court did have the authority to consider Edwards' application for sentencing credit, we now turn to whether the district court erred in refusing to grant him credit for time spent on bail pending sentence. Edwards argues that his confinement to his uncle's apartment was "official detention" within the meaning of § 3585(b). He contends that, although he was released on bail, restrictive conditions were imposed upon him from the time he was arrested until he was sentenced, and that, therefore, he is entitled to receive approximately nine months' credit toward his ten-year sentence.

Edwards was placed in his uncle's custody on June 25, 1990, and was restricted to his uncle's apartment. On the following day, the district court ordered that Edwards be placed under electronic monitoring. The monitoring was designed to insure his continuous presence in the apartment, except for "blackout periods," during which Edwards was released from electronic monitoring by the PSA. According to PSA records, between June 26 and November 22, 1990, Edwards was released from electronic monitoring for portions of 22 days for religious services and choir practice and on 9 days for court appearances or to meet with his attorney. In addition,

---

**3.** We note that the Tenth Circuit also appears to have adopted this approach. *See United States v. Woods,* 888 F.2d 653, 654–55 (10th Cir.1989) (exhaustion required before judicial review, but government waived issue by failing to raise objection), *cert. denied,* 494 U.S. 1006, 110 S.Ct.

1301, 108 L.Ed.2d 478 (1990). *But see United States v. Richardson,* 901 F.2d 867, 870 (10th Cir.1990) (remanding to district court to grant credit toward federal sentence for time spent in state custody without discussing district court's authority to grant sentencing credit).

from November 22, 1990, until April 11, 1991, Edwards was not monitored on Mondays, Wednesdays, and Fridays between 5 p.m. and 10 p.m., Saturdays between 11 a.m. and 4 p.m., and Sundays between 9 a.m. and 7 p.m. For the greater part of at least three other days during the latter period, he also was not monitored. During argument on this appeal, Edwards' counsel asserted that the PSA relaxed the terms of his restrictions in accordance with its policy and in recognition of the severity of the terms of his release on bail.

We are constrained to reject Edwards' claim that due to the restrictive terms of his pre-sentence confinement this was tantamount to official detention, and, therefore, he is entitled to sentencing credit. Although the legislative history concerning bail reform does not address expressly the issue of whether a defendant subject to onerous pre-trial release conditions can receive sentencing credit for that time as though it were official detention, *see* S.Rep. No. 225, 98th Cong., 2d Sess. 1–28 (1984), *reprinted in* 1984 U.S.C.C.A.N. at 3184–3211, we find no basis to believe that in passing the Comprehensive Crime Control Act of 1984, which revised the federal sentencing laws and federal bail provisions, Congress intended to alter the federal court holdings that a defendant is not entitled to sentencing credit for time spent while released on bail pending trial or appeal. *See Mieles*, 895 F.2d at 888 (citing cases); *see also Woods*, 888 F.2d at 655 ("We find nothing in the language of 18 U.S.C. § 3585 itself or its legislative history to indicate a departure from the precedents decided under the predecessor statute."). We also note that the bail provision amendments in the Comprehensive Crime Control Act of 1984 primarily were drafted to deemphasize the use of money bonds as a condition of bail, while simultaneously permitting a court to consider the likelihood of flight and community safety in setting release conditions. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 10–16 (1984), *reprinted in* 1984 U.S.C.C.A.N. at 3192–99. Under that Act, a district court, in establishing pre-trial release conditions, has the authority to impose electronic monitoring and to require that the defendant remain confined to his residence. *See United States v. Traitz*, 807 F.2d 322, 325 (3d Cir.1986) ("house arrest is a statutorily permissible condition [of bail under Title 18 U.S.C. § 3142(c)(2)(D) (Supp. III 1985) ]"); *see also United States v. Tortora*, 922 F.2d 880, 895 (1st Cir.1990) (Breyer, C.J., concurring). Nonetheless, we conclude that a defendant such as Edwards, who is released on bail pending sentence, is not entitled to sentencing credit for the time spent on bail, during which he was placed under electronic monitoring and largely restricted to his residence, although such terms of release on bail ofttimes may be rather restrictive.

### III.

■ Finally, Edwards argues that the district court's rejection of his application for sentencing credit denies him equal protection of the laws. He claims that since defendants sentenced to home detention are given credit toward their sentences for each day in home detention, *see* Guidelines § 5C1.1(e)(3), not granting him similar credit for his electronically monitored confinement to his uncle's apartment violates his right to equal protection. We disagree.

It is a fundamental tenet of the concept of equal protection that similarly situated individuals are to be treated similarly. The due process clause of the fifth amendment of the Constitution includes an equal protection component, which requires that the federal government accord equal protection of the laws to every person within its jurisdiction. Equal protection claims under the fifth amendment are treated virtually the same as those under the fourteenth amendment. *San Francisco Arts & Athletics, Inc. v. United States Olympic Committee*, 483 U.S. 522, 542 n. 21, 107 S.Ct. 2971, 2984 n. 21, 97 L.Ed.2d 427 (1987). Edwards does not contend that the bail conditions imposed on him violated either a personal right protected by the Constitution or involve a classification based upon race, alienage, national origin, gender or illegitimacy, therefore, the sentencing provisions need only be rationally related to a legitimate congressional interest in order to

pass constitutional muster. *See City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439–42, 105 S.Ct. 3249, 3254–56, 87 L.Ed.2d 313 (1985).

Guidelines § 5F1.2 states "[h]ome detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." Defendants with a minimum term of imprisonment in the applicable Guidelines range of ten months or less may receive a sentence that includes home detention as a condition of probation or supervised release. Guidelines §§ 5B1.1(a), 5C1.1(c), (d). Electronic monitoring is recognized as an appropriate means of surveillance to be used in connection with home detention. Guidelines § 5F1.2 Application Note 1. Persons designated for home detention receive one day of credit for each day in home detention. *Id.* § 5C1.1(e)(3). But if the minimum term of imprisonment in the applicable Guidelines range is more than ten months, home detention is unavailable as a sentencing option since then the Guidelines "require that the minimum term be satisfied by a sentence of imprisonment." *Id.* § 5C1.1(f).

Although Edwards was confined to his uncle's apartment as a condition of bail release, he is not similarly situated to those who have been convicted and who receive a sentence that includes home detention as a condition of probation or supervised release. In the latter circumstances, a sentence of home detention is imposed pursuant to a criminal conviction, whereas release on conditions of bail is not pursuant to a conviction and, indeed, is not punishment; rather, under Title 18 U.S.C. § 3142(c), a judicial officer may set a combination of bail conditions for the purpose of "reasonably assur[ing] the appearance of the [defendant before the court] as required and the safety of any other person

and the community...." We conclude that the district court's denial of Edwards' motion for sentencing credit did not violate his right to equal protection of the laws because the time he spent released on bail was not pursuant to a conviction and was not intended by statute or the court to be punishment.[4]

Moreover, our review of the Guidelines, the policy statements and official commentary of the Sentencing Commission suggests to us that, in formulating the Guidelines, the Commission did not consider whether persons in Edwards' position should receive sentencing credit for time spent on bail, during which they were placed under electronic monitoring and largely restricted to their residences.[5] Even if we were persuaded that the Commission had considered this issue, we believe that the class of persons eligible to receive such sentencing credit would be limited to those convicted persons whose minimum terms of imprisonment in the applicable Guidelines range is ten months or less. *Cf.* Guidelines § 5C1.1(f).

Since Edwards is not within this class of persons, he is not similarly situated to convicted persons who are eligible for home detention. As a result of his guilty plea to violating Title 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), Edwards was subject to and received the statutory mandatory minimum of 120 months' imprisonment, 5 years' supervised release, and a $50 assessment. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 3013(a)(2).

A district court is statutorily precluded from placing any person convicted under § 841(a) on probation or suspending his sentence. 21 U.S.C. § 841(b)(1)(A). Further, under the Guidelines, convicted persons, whose minimum term of imprison-

---

4. We are aware that persons, who are "in official *detention* prior to the date the sentence commences," are similarly not being punished—as they have not been adjudicated guilty—however, Congress has determined, as to these persons, that they should receive credit for such detention toward the service of a term of imprisonment if that detention has not been credited against another sentence. 18 U.S.C. § 3585(b) (emphasis added).

5. Edwards did not ask the district court to depart downward from the applicable Guidelines range on the ground that his circumstances were "of a kind, or to a degree not, adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." *See* 18 U.S.C. § 3553(b).

ment in the applicable Guidelines range is more than ten months, are precluded from receiving sentences that include home detention as a condition of probation or supervised release. In each instance, these sentencing restrictions reflect congressional determinations that are rationally related to furthering the goal of punishment in accordance with degrees of culpability.

Clearly, Congress was free, consistent with the provisions of the Constitution, to conclude that persons convicted of violating Title 21 U.S.C. § 841(a) must be imprisoned, *cf. United States v. Klein,* 860 F.2d 1489, 1495–1501 (9th Cir.1988), so too, it could, via the Guidelines, just as lawfully decline to give a district court the option of sentencing persons in Edwards' position to home detention. Accordingly, we conclude that the district court's refusal to grant Edwards' application for sentencing credit for the time he spent on bail under restrictive conditions pending sentence did not violate his right to equal protection of the laws.

## CONCLUSION

Based on the foregoing, the judgment of the district court is affirmed.