Manuel A. MARTINEZ, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 769, Docket 93–2494.

United States Court of Appeals, Second Circuit.

Submitted March 9, 1994.

Decided March 17, 1994.

**98**

Manuel A. Martinez, pro se.

Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, NY (Faith E. Gay and Jodi Levine Avergun, Asst. U.S. Attys., of counsel), for respondent-appellee.

Before: FEINBERG and MINER, Circuit Judges, and KNAPP, District Judge.*

PER CURIAM:

### I.

Petitioner-appellant Manuel A. Martinez appeals from a June 23, 1993 order entered in the United States District Court for the Eastern District of New York (Nickerson, J.) denying his motion for a reduction in sentence, the district court having found that Martinez was not entitled to credit on his sentence for time spent on bail following his arrest. For the reasons that follow, we affirm the order.

### II.

On June 20, 1990, Martinez was arrested for possessing two kilograms of cocaine.

Pursuant to a plea agreement entered into with the Government, Martinez pleaded guilty on September 24, 1990 to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On December 28, 1990, Martinez was sentenced to a prison term of fifty-seven months to be followed by a five-year term of supervised release, and ordered to pay a $50 special assessment.

At the arraignment following his arrest, Martinez was released on a $7,500 personal recognizance bond. Under the terms of the bond, Martinez was required to report to the Probation Department on a weekly basis, avoid the use of illegal narcotics and remain within the boundaries of the Southern and Eastern Districts of New York. Prior to surrendering to the United States Marshal's Service in February of 1991 to begin serving his sentence, Martinez spent 246 days free on bail.

In June of 1993, Martinez moved the district court for an order granting him credit on his sentence for the time that he spent while released on bail following his arrest. In a June 23, 1993 memorandum and order, the district court denied the motion, holding that "pre-trial release on bail, even under restrictive conditions, does not constitute 'official detention.'" This appeal followed.

### III.

On appeal, Martinez renews his argument that he should receive sentencing credit for the amount of time that he was released on bail prior to his incarceration. Under 18 U.S.C. § 3568, the predecessor to 18 U.S.C. § 3585, which provides for the crediting of prior custody, the U.S. Attorney General had authority to compute sentences and grant credit for time served. The Attorney General delegated this authority to the United States Bureau of Prisons. *See United States v. Edwards*, 960 F.2d 278, 281 (2d Cir.1992). "Thus, a defendant seeking credit for time

* Honorable Whitman Knapp of the United States District Court for the Southern District of New York, sitting by designation.

previously served was required under § 3568 to exhaust the available administrative remedies prior to seeking [judicial] relief...." *Id.* After section 3585 became effective,[1] the Courts of Appeals disagreed as to whether a prisoner had to exhaust administrative remedies prior to seeking sentencing credit relief in the district court. The courts that held that it was not necessary to exhaust administrative remedies relied on the fact that section 3585 did not include the express delegation of authority to the Attorney General found in section 3568. *See id.* at 281–82 (noting a split among circuit courts that had addressed the issue). We concluded that the district court had authority to grant credit under section 3585(b) in the first instance. *Id.* at 282.

■ The Supreme Court has overruled our decision in *Edwards. See United States v. Wilson,* —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In *Wilson,* the Court held that a prisoner must exhaust administrative remedies prior to seeking relief in the district court for sentencing credit under 18 U.S.C. § 3585, noting that "the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568." —— U.S. at ——, 112 S.Ct. at 1354. Therefore, Martinez must first exhaust the administrative procedures available under 28 C.F.R. §§ 542.10–542.16 (1993) before seeking relief in the district court. *See id.* at 1355. *Accord Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir. 1993) (per curiam).

■ It is well settled in any event that a prisoner is not entitled to sentencing credit for time spent during his release on bail. *See Edwards,* 960 F.2d at 283; *United States v. Insley,* 927 F.2d 185, 186 (4th Cir.1991); *United States v. Woods,* 888 F.2d 653, 655 (10th Cir.1989), *cert. denied,* 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). Accordingly, the district court did not err in its legal conclusion that Martinez was not entitled to receive credit for the time he was free on bail.

### IV.

For the foregoing reasons, the order of the district court is affirmed.

---

1. Section 3585(b) took effect for crimes committed on or after November 1, 1987.