**Armand V. CUCCINIELLO,
Petitioner–Appellant,**

v.

**W.S. KELLER, Warden, Respondent–
Appellee.**

**Docket 96–2770.**

United States Court of Appeals,
Second Circuit.

Submitted June 5, 1997.

Decided Feb. 27, 1998.

Armand V. Cucciniello, Ray Brook, NY, appellant, pro se.

Barbara D. Cottrell, Asst. U.S. Atty., (Thomas J. Maroney, U.S. Atty., Albany, NY, on the brief), for appellee.

Before: NEWMAN, KEARSE and CALABRESI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The principal issue on this appeal is whether a federal criminal defendant, considering whether to accept home confinement ordered as a condition of bail release, has a due process right to be notified that time spent in such confinement will not be credited against any sentence subsequently imposed, and, if so, whether lack of such notice entitles a subsequently sentenced prisoner to such credit as a remedy for the alleged due process violation. The issue arises on an appeal by Armand V. Cucciniello from the July 31, 1996, judgment of the District Court for the Northern District of New York (Frederick J. Scullin, Jr., Judge) granting the motion of the respondent warden to dismiss Cucciniello's habeas corpus petition, filed under 28 U.S.C. § 2241. Though the Supreme Court has determined that a federal prisoner is not entitled to credit against a sentence for time spent in non-jail confinement as a condition of bail release that began pretrial and continued until sentencing, see *Reno v. Koray*, 515 U.S. 50, 56–60, 115 S.Ct. 2021, 2024–27, 132 L.Ed.2d 46 (1995) (halfway house confinement), the concurring opinion of Justice Ginsburg raised the possibility that due process might require notice to the defendant, at the time that condition is accepted, that such confinement will not be credited against any subsequently imposed sentence, *id.* at 65, 115 S.Ct. at 2029.

Having considered the possibility raised by Justice Ginsburg, we conclude that due process does not require notice that home confinement as a condition of bail release will not be credited against a sentence, and we therefore affirm.

## Facts

In February 1990, FBI agents, executing a search warrant at Cucciniello's home in New Jersey, found a shotgun and various items relating to a gambling enterprise. Cucciniel-lo, a previously convicted felon, was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was immediately released on bail, without any condition of confinement. He subsequently pled guilty in the District Court for the District of New Jersey, and bail was continued pending sentencing. In March 1992, prior to sentencing on the gun charge, Cucciniello was arrested on racketeering and gambling charges, in violation of 18 U.S.C. §§ 1952, 1955, 1962(c), (d) ("the racketeering charges"), and was jailed for two days awaiting a bail hearing. The bail hearing resulted in his release on bail on March 20, 1992, subject to a special condition of home confinement. Nothing was said at the bail hearing as to whether or not the period of home confinement would be credited against any subsequent sentence.

In May 1993, Cucciniello was convicted in the New Jersey District Court on several counts of the racketeering charges. On September 21, 1993, he was sentenced for the gun offense to a $5,000 fine and three years' probation, with the first six months to be spent in home confinement. On November 23, 1993, Cucciniello was sentenced on the racketeering charges to a sentence that included 57 months of imprisonment. He was permitted to remain in home confinement, pending voluntary surrender. Cucciniello surrendered at a designated federal prison on March 15, 1994.

After exhausting Bureau of Prisons administrative remedies, Cucciniello filed a petition for habeas corpus, seeking credit against his 57 month sentence for the time spent in home confinement from March 20, 1992, when he was released on bail subject to the condition of home confinement, until March 15, 1994, when he surrendered for incarceration. The District Court adopted the recommendation of a Magistrate Judge and dismissed the petition on the merits.

## Discussion

Preliminarily, we must distinguish between the two periods of home confinement imposed upon the appellant. The first period was imposed as a condition of bail release on the racketeering charges. The second period

was imposed as a part of the probation sentence on the gun charge. From March 20, 1992, when the home confinement as a condition of pretrial release began, until September 21, 1993, when sentence was imposed on the gun offense, the home confinement was clearly a condition of bail release on the racketeering charges. From September 21, 1993, until appellant's surrender for prison incarceration on March 15, 1994, the home confinement could be viewed as either a condition of continued bail on the racketeering charges pending surrender for prison incarceration, or as the service of the home confinement portion of the probation sentence on the gun charge.

The Magistrate Judge viewed the home confinement after September 21, 1993, as service of the home confinement portion of the probation sentence on the gun charge. As such, this second period of home confinement will presumably be credited against the six months home confinement on the gun charge, thereby satisfying nearly all of that requirement. It is likely that the view of the Magistrate Judge is correct, especially since the probation sentence is administered by the Court, rather than the Bureau of Prisons. In any event, we will consider appellant's claim that the entire period of home confinement from March 20, 1992, until March 15, 1994, should be credited against his 57 month sentence on the racketeering charges.

### I. Statutory Claim

[1] 18 U.S.C. § 3585(b) provides:

**Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Appellant recognizes that the Supreme Court's *Koray* decision has ruled that time spent in non-jail confinement as a condition of bail release is not "official detention" within the meaning of section 3585(b). Moreover, appellant's home confinement was not imposed "as a result of the offense" for which his 57 month sentence was imposed, 18 U.S.C. § 3585(b)(1), nor "as a result of any other charge for which the defendant was arrested after the commission of" that offense, *id.* § 3585(b)(2). Finally, as we have noted, a portion of the home confinement, the period from September 21, 1993, to March 15 1994, will very likely be credited against another sentence, the probationary sentence on the gun charge. But even if it is not, appellant has no valid statutory claim to credit.

### II. Equal Protection Claim

■ Relying on the Equal Protection Clause, appellant asserts a constitutional claim to credit. He points out that, although we rejected an equal protection claim to credit for bail-release home detention in *United States v. Edwards*, 960 F.2d 278, 283–85 (2d Cir.1992), *Edwards* involved a defendant whose home detention was imposed solely as a condition of bail release, whereas at least the second portion of Cucciniello's home confinement was imposed as part of the sentence for the gun offense. Appellant's distinction does not help him. The distinction between home confinement imposed as a sentence and such confinement imposed as a condition of bail release was drawn in *Edwards* in order to explain why a pretrial detainee is not "similarly situated" to a sentenced prisoner. *See id.* at 284. Though Cucciniello has been sentenced to a period of home confinement, he has not been subjected to any unequal treatment. The absence of credit against his racketeering sentence for time spent in that portion of his home confinement imposed as a sentence on the gun charge is no different than any other prisoner's lack of credit for time served pursuant to a sentence for a different offense.

The only claim that Cucciniello could plausibly make with respect to the home confinement pursuant to the gun charge sentence is that the racketeering charge sentence is concurrent with the earlier imposed sentence.

However, even if the home detention portion of the gun sentence can be regarded as "imprisonment,"[1] that claim would be defeated by 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Cucciniello's racketeering sentence was not ordered to run concurrently.

### III.  Due Process Claim

■ Appellant's due process claim invokes Justice Ginsburg's concurring opinion in *Koray*:

> I write separately to point out that Koray has not argued before us that he did not elect bail intelligently, *i.e.*, with comprehension that time in the halfway house, unlike time in jail, would yield no credit against his eventual sentence. The Court thus does not foreclose the possibility that the fundamental fairness we describe as "due process" calls for notice and a comprehension check. Cf. Fed. Rule Crim. Proc. 11 (setting out information a court is to convey to assure that a defendant who pleads guilty understands the consequences of the plea).

*Koray*, 515 U.S. at 65, 115 S.Ct. at 2029.

We have respectfully considered the force of the possibility raised by Justice Ginsburg that due process might require notice to a pretrial detainee that release conditioned on home confinement will not be credited against a subsequent sentence and conclude that no such constitutional requirement exists. The comparison with Rule 11's notice requirements for a valid guilty plea demonstrates in our view why notice in Cucciniello's context is not required. The election to plead guilty requires notification of certain consequences in order to assure that the relinquishment of significant rights at the time of the plea is knowing and voluntary. However, there is no relinquishment of any significant right when a defendant elects bail. The defendant accepting the conditions of bail is simply trading jail-type confinement for something *less* restrictive. Though Cucciniello accepted home detention, this degree of confinement was not imposed as a surrender of prior liberty; it was an upgrade to less restrictive confinement.

It is arguable that a pretrial detainee electing bail conditioned on home confinement is giving up the "opportunity" to have the date of any subsequently imposed sentence start from the beginning of the period of pretrial confinement, rather than from the later date of surrender to begin serving a sentence. Such an "opportunity," however, is too insubstantial to be regarded as a liberty interest protected by the Due Process Clause. At the time the detainee elects bail conditioned on home confinement, it is entirely speculative whether he will be convicted, and, if so, whether he will be sentenced to prison. Since no protected liberty interest is being impaired, no due process is required.

■ There are situations where some notice of consequences is required even though a right is not surrendered. For example, a prisoner being released on parole must be informed of the conditions of parole before he may be reincarcerated for violating those conditions. But that notice is not given to assure that the "election" of parole is voluntary; it is imposed pursuant to 18 U.S.C. § 4209(b) (repealed as to post–1987 offenses), and arguably to assure that the later imposition of parole violation sanctions comports with the notice requirements of due process.

Moreover, even at a plea allocution, we have never required a consequence to be explained unless it was something that might be imposed by the sentencing judge. Thus, we have required compliance with Rule 11, which requires notice of the maximum sentence, any mandatory minimum sentence, any special parole or supervised release term, the fact that the court must apply the guidelines but may depart, and the fact that restitution may be imposed (where applicable). *See* Fed.R.Crim.P. 11(c)(1); *United States v. Story*, 891 F.2d 988, 996–97 (2d Cir.1989) (applicability of sentencing guide-

---

**1.** *See* U.S.S.G. §§ 5C1.1(e)(3) (specifying that one day of home detention is a substitute punishment for one day of imprisonment), 5F1.2 (providing that home detention may be imposed as a condition of probation, but only as a substitute for imprisonment).

lines); *United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir.1989) (maximum and mandatory minimum sentences); *United States v. Khan*, 857 F.2d 85, 86–88 (2d Cir.1988) (restitution), *modified on reh'g*, 869 F.2d 661 (2d Cir.1989); *United States v. Gonzalez*, 820 F.2d 575, 580 (2d Cir.1987) (special parole term). As the advisory note to the 1985 amendment to Rule 11 points out, a defendant must be advised about restitution "[b]ecause this restitution is deemed an aspect of the defendant's sentence." We have even gone so far as to hold that a defendant pleading guilty need not be informed that any federal sentence, when required by statute, will be imposed consecutively to a state sentence, because the requirement of consecutiveness does not "lengthen" or "directly affect" the federal sentence. *See United States v. Parkins*, 25 F.3d 114, 118–19 (2d Cir.1994).

By contrast, we have not required notice of some substantial consequences that are *not* any part of the sentence. *See, e.g., United States v. Salerno*, 66 F.3d 544, 550–51 (2d Cir.1995) (fact that conviction could enhance later punishment); *Michel v. United States*, 507 F.2d 461, 465–66 (2d Cir.1974) (deportation). What we have required is notice of "a definite, immediate and largely automatic effect *on the range of the defendant's punishment*," *Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir.1988) (emphasis added; internal quotation marks omitted). *See United States v. United States Currency*, 895 F.2d 908, 915 (2d Cir.1990). If the effect is not part of the punishment, it need not be explained to the defendant.

Since there is no constitutional requirement that Cucciniello had to be notified that home confinement would not be credited against a subsequent sentence, we need not consider whether granting credit would be an appropriate remedy for the violation of such a requirement. We add, however, that although judicial officers setting bail are not required to give notice that pretrial home detention will not be credited against a subsequently imposed sentence, these officers might wish to consider the advisability of volunteering such information.

### Conclusion

Appellant is not entitled to credit on his racketeering sentence for time spent in home confinement, either as a condition of bail release or as a portion of his gun sentence. The judgment of the District Court is affirmed.

CALABRESI, Circuit Judge, concurring:

I agree with most of the majority opinion, and join Parts I and II of it. I do not, however, find the majority's discussion of due process satisfactory. Specifically, I am not convinced that a defendant has no liberty interest in choosing intelligently between pre-trial detention that results in credit against an eventual prison sentence, and home confinement that does not. And I do not find helpful the majority's reliance on cases that deal with situations, like prison transfers, where no choice is involved. It is far more damaging to a person's liberty to be made to be the unwitting (because uninformed) instrument of one's own undoing than it is to be subjected, even arbitrarily, to automatic transfer.

The existence of some liberty interest does not necessarily mean that the Constitution requires that a magistrate judge, who is proposing home confinement, inform a defendant that no credit against eventual prison time will be granted. *Cf. Michel v. United States*, 507 F.2d 461, 464–66 (2d Cir.1974) (holding, despite the clear liberty interest in avoiding deportation, that a defendant entering a plea of guilty has no right to be informed that his resulting conviction will render him deportable). Accordingly, if the question this case poses were an open one in our circuit, we would have to undertake a full discussion of Justice Ginsburg's concerns in *Reno v. Koray*, 515 U.S. 50, 65, 115 S.Ct. 2021, 2029, 132 L.Ed.2d 46 (1995) (Ginsburg, J., concurring), and make a serious attempt to rationalize the prior cases (which go in different directions in deciding whether or not information must be given). But the case before us follows *a fortiori* from our decision in *United States v. Parkins*, 25 F.3d 114, 118–19 (2d Cir.1994). Because *Parkins* binds us, I respectfully concur in the result

while rejecting the majority's dicta concerning liberty interests.