# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-10416
Summary Calendar

JOSE BARRETO

Petitioner-Appellant

v.

COLE JETER, Warden, FCI-Fort Worth

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-24

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Barreto, federal prisoner # 40040-080, was sentenced in 2002 to 85 months in prison for possession with intent to distribute more than five kilograms of cocaine. He filed a 28 U.S.C. § 2241 petition arguing that the 225 days that he spent in a community confinement facility prior to sentencing should be credited against his sentence pursuant to 18 U.S.C. § 3585. He also asserted that his due process rights were violated because he was not properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advised prior to electing bail that the time he spent in the facility would not count against his sentence.

Barreto's first argument is foreclosed by Reno v. Koray, 515 U.S. 50, 58-63 (1995), in which the Supreme Court held that release on bail subject to restrictions, including confinement in a community treatment facility, is not official detention for purposes of 18 U.S.C. § 3585(b) and does not count towards the sentence imposed. Barreto concedes as much but argues that Koray was unfairly decided. Nevertheless, we are bound to follow Koray unless and until the Supreme Court itself overrules it. See Medellin v. Dretke, 371 F.3d 270, 280 (5th Cir. 2004).

We also reject Barreto's contention that due process requires notice to a pretrial detainee that confinement while released on bail rather than official detention will not count towards the sentence. That possibility is too speculative to implicate the protections of the Due Process Clause. See Cucciniello v. Keller, 137 F.3d 721, 724-25 (2d Cir. 1998); see also Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995) (addressing nature of liberty interest protected by due process).

For the foregoing reasons, the judgment of the district court is AFFIRMED.