22-2743-cv
*Wheatley v. New York State United Teachers, et al.*

# In the
# United States Court of Appeals
# for the Second Circuit

————————

August Term 2022
No. 22-2743-cv

ROBIN WHEATLEY,
*Appellant*,

v.

NEW YORK STATE UNITED TEACHERS, NEW HARTFORD EMPLOYEES UNION, NEW HARTFORD
CENTRAL SCHOOL DISTRICT,
*Appellees*.

————————

ARGUED: JUNE 26, 2023
DECIDED: SEPTEMBER 5, 2023

————————

Before: LYNCH, LOHIER, and KAHN, *Circuit Judges*.

————————

A school bus driver filed an action under 42 U.S.C. § 1983 against two public-sector unions and her employer, the New Hartford Central School District, alleging that their continued deduction of union fees from her paycheck following her resignation from both unions violated her First and Fourteenth Amendment rights under *Janus v. Am. Fed'n of State, Cnty., and Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018). She now appeals the dismissal of her claims by the United States District Court for the Northern District of New York (Scullin, *J.*). On appeal, Appellant argues that the district court erred by prematurely dismissing her claims against the unions for, among other things, failing to adequately plead state action. We disagree and conclude that, because Appellant voluntarily became a union member and affirmatively agreed to pay union dues through payroll deductions for a set period, the district court properly dismissed her claims.

We therefore **AFFIRM** the district court's dismissal.

————————

DAVID R. DOREY (Nathan J. McGrath, Stephen B. Edwards, Logan Hetherington, *on the brief*), The Fairness Center, Harrisburg, PA, *for Appellant*.

SCOTT A. KRONLAND, Altshuler Berzon LLP, San Francisco, CA (Robert T. Reilly, Andrea Wanner, *on the brief*, NYSUT, Latham, NY), *for Appellees New Hartford Employees Union and New York State United Teachers*.

NICOLE MARLOW-JONES (Heather M. Cole, *on the brief*), Ferrara Fiorenza PC, East Syracuse, NY, *for Appellee New Hartford Central School District*.

————————

MARIA ARAÚJO KAHN, *Circuit Judge*:

Appellant Robin Wheatley brings this action under 42 U.S.C. § 1983 against Appellees the New Hartford Employee's Union ("NHEU"), the New York State United Teachers Union ("NYSUT," collectively with NHEU, the "Unions"), and the New Hartford Central School District (the "District"). Appellant asserts that Appellees' deduction of union dues from her paycheck after she resigned from the Unions in March 2021 violated her First and Fourteenth Amendment rights under *Janus v. Am. Fed'n of State, Cnty., and Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018).

The Supreme Court's decision in *Janus* invalidated the collection of agency fees from non-union members but left intact "labor-relations systems exactly as they are." *Id.* at 2478, 2485 n.27. Appellant's claims against the Unions fail because, even assuming that there was state action taken by Appellees, the District's withholding of union dues did

2

not constitute a violation of her First and Fourteenth Amendment rights. We, therefore, affirm the district court's dismissal of the case.

## BACKGROUND

Appellant became a member of the Unions in 2005 when she began her employment with the District as a school bus driver. In 2018, Appellant signed a union membership and dues deduction authorization form (the "Membership Agreement"). In relevant part, the Membership Agreement contained the following language:

> I understand that this authorization and assignment is not a condition of my employment and shall remain in effect, regardless of whether I am or remain a member of the union, for a period of one year from the date of this authorization and shall automatically renew from year to year unless I revoke this authorization by sending a written, signed notice of revocation via U.S. mail to the union between the window period of Aug. 1-31 or another window period specified in a collective bargaining agreement.

J. App'x at 27. The Membership Agreement authorized the District to deduct union membership dues from Appellant's wages and remit them to NHEU in accordance with the New York Public Employees Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, *et seq.* (the "Taylor Law"). Under the Taylor Law, such deduction authorizations remain in effect until they are revoked by the individual employee "in accordance with the terms of the signed authorization." N.Y. Civ. Serv. Law § 208(1)(b)(i).

On March 22, 2021, Appellant resigned from the Unions by sending a signed letter via email and interoffice mail to NHEU's President, Vincent Nesci, and the District's payroll office. In response, Nesci informed Appellant that although she was no longer a

3

member of the union, dues would continue to be deducted from her paychecks unless and until she sent a written and signed notice of revocation in the August "window period," as described in the Membership Agreement. J. App'x at 11. The District continued to deduct union dues from Appellant's paychecks through at least May 28, 2021, but ceased when Appellant sent the required notice of revocation in August. *Id.* As a nonmember of the Unions, Appellant did not receive member benefits "while her deductions were ongoing from the date of her resignation until the day they ceased." *Id.*

Appellant commenced this action on September 10, 2021, asserting two claims for relief under 42 U.S.C. § 1983 against the Unions and the District.[1] Count One alleged that post-resignation deductions to the Unions from Appellant's wages violated her First Amendment rights to freedom of speech and association. Count Two alleged that post-resignation deductions violated Appellant's Fourteenth Amendment right to due process. Appellant sought, among other things, injunctive relief, declaratory relief, and damages equal to the total amount of union dues deducted from her wages after her resignation in March 2021, plus interest.

The Unions and the District moved to dismiss Appellant's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state

---

[1] In relevant part, 42 U.S.C. § 1983 states: "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphases added).

a claim, which the district court granted.  *See Wheatley v. New York State United Tchrs.*, 629 F. Supp. 3d 18 (N.D.N.Y. 2022).  The court held that it lacked subject matter jurisdiction over Appellant's claims for prospective injunctive and declaratory relief because the District had ceased deducting dues from Appellant's wages.  *See id.* at 23–25.

The court also held that Appellant's § 1983 claims against the Unions and the District failed to state viable claims for relief.  Specifically, the court concluded that Appellant's claims against the Unions failed because the Unions "are not state actors within the meaning of § 1983."  *Id.* at 27.  With regard to the § 1983 claim against the District, the court concluded the District was not a state actor because "it was not a policy of [the] District, but rather state law, that required [the] District to deduct union membership dues from [Appellant's] wages until [Appellant] revoked that authorization 'in accordance with the terms of the signed authorization.'"  *Id.* at 32 (quoting N.Y. Civ. Serv. Law § 208(1)(b)).  Moreover, in continuing to deduct dues until Appellant's revocation during the window period, the court noted that the "District was merely honoring [Appellant's] self-imposed, voluntary authorization that [the] District deduct union dues from her wages unless she revoked said authorization during the annual window period."  *Id.* at 33.  In addition to the absence of state action, the court also held that Appellant's claims failed because Appellant "ha[d] not plausibly alleged that [Appellees] violated her constitutional rights by abiding by the authorization that she

voluntarily provided to them in her Membership Agreement." *Id.* at 26. This appeal followed.

On appeal, Appellant revives the arguments made before the district court—namely, that, pursuant to § 1983, the post-resignation deductions from her wages by the District to the Unions violated the First and Fourteenth Amendments. Specifically, she argues the Unions and the District were state actors under § 1983 when they purportedly violated her constitutional rights.

**DISCUSSION**

Because Appellant challenges the district court's dismissal of her claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we review the district court's factual findings for clear error and its legal conclusions *de novo,* accepting all factual allegations in it as true and drawing all reasonable inferences in Appellant's favor. *See Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (Rule 12(b)(1)); *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022) (Rule 12(b)(6)).

"To state a claim for relief in an action brought under § 1983, [Appellant] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). We need not address the state action issue in this case because even assuming that there was state action taken by

6

Appellees, Appellant's arguments that she was deprived of certain constitutional rights fail. *See Hotel Emps. & Rest. Emps. Union, Loc. 100 of New York & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 544 (2d Cir. 2002) ("Because we also find no constitutional violation, we will assume, without deciding, that the parties' License Agreement renders Lincoln Center, Inc. a state actor for purposes of event-scheduling in the Plaza."); *see also Jones v. Cnty. of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019) ("We need not address [defendants] alternative arguments because we conclude that, even if the state action and seizure questions were to be decided in [plaintiff's] favor, the special needs doctrine warrants the district court's award of summary judgment to defendants.").

## I.   APPELLANT'S FIRST AMENDMENT CLAIM

Appellant first argues that her First Amendment rights were violated when the District deducted union dues from her paychecks after her resignation from union membership. She relies on the Supreme Court's decision in *Janus*, stating that public employees have a right to be free from compelled speech in the form of subsidizing a union's political activity through compelled payroll deductions. She contends that because *Janus* was decided two months after she signed the Membership Agreement, she was not able to fully understand the rights she would forgo by executing that agreement.

7

For the reasons set forth below, we join the growing list of our sister circuits[2] and conclude that *Janus* does not relieve Appellant of her contractual duties to pay union dues under the Membership Agreement.

*Janus* involved a situation where a non-union member was subject to "fair share" automatic wage deductions, which were used towards funding the union. *Janus*, 138 S. Ct. at 2461–62. Overruling *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), the Supreme Court found such deductions to be unconstitutional. *Janus*, 138 S. Ct. at 2486. Specifically, the Court was concerned with the dangers of compelled speech and "[c]ompelling individuals to mouth support for views they find objectionable" by forcing them to subsidize that speech via compulsory union dues. *Id*. at 2463. The Court thus condemned the practice of automatically deducting agency fees from nonmembers who were "not required to consent before the fees are deducted." *Id*. at 2460–61. The Court explicitly limited the reach of *Janus* by noting "[s]tates can keep their labor-relations systems exactly as they are—only they cannot force nonmembers to subsidize public-sector unions." *Id*. at 2485 n.27.

---

[2] *See Fischer v. Governor of N.J.*, 842 F. App'x 741 (3d Cir. 2021) (summary order); *Oliver v. Serv. Emps. Int'l Union Local 668*, 830 F. App'x 76 (3d Cir. 2020) (summary order); *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, No. 20-3795, 2022 WL 898767, at *1 (6th Cir. Mar. 28, 2022); *Ramon Baro v. Lake Cnty. Fed'n of Tchrs. Loc. 504, IFT-AFT/AFL-CIO*, 57 F.4th 582 (7th Cir. 2023); *Bennett v. AFSCME Council 31*, 991 F.3d 724 (7th Cir. 2021); *Burns v. Sch. Serv. Emps. Union Loc. 284*, No. 21-3052, 2023 WL 4834588 (8th Cir. July 28, 2023); *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950 (10th Cir. 2021); *see also Kumpf v. New York State United Tchrs.*, 2022 WL 17155847 (N.D.N.Y. Nov. 22, 2022).

8

Appellant's signing of the Membership Agreement constitutes an affirmative consent to pay dues. Accordingly, the facts of this case place it outside the scope of *Janus*. As the Ninth Circuit noted in *Belgau v. Inslee*, a case factually similar to the one at hand, "*Janus* [does not] recognize members' right to pay nothing to the union . . . *Janus* does not extend a First Amendment right to avoid paying union dues." 975 F.3d 940, 951 (9th Cir. 2020). The Seventh Circuit, in another factually similar case, held that "*Janus* said nothing about union members who . . . freely chose to join a union and voluntarily authorized the deduction of union dues, and who thus consented to subsidizing a union." *Bennett v. Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 991 F.3d 724, 732 (7th Cir. 2021).

The dangers of compelled speech that were the concern of the Court in *Janus* are not at issue here. New York's Taylor Law guarantees public employees the right to choose whether to join the union as members, N.Y. Civ. Serv. Law § 202, and prohibits any union or public employer from "interfer[ing] with, restrain[ing] or coerc[ing] public employees in the exercise of their rights," *id.* at § 209-a. It is undisputed that Appellant voluntarily joined the Unions and authorized dues deductions from her wages when she signed the Membership Agreement in 2018, which began with the statement "YES! I request and accept membership in [the NHEU and] . . . NYSUT." J. App'x at 27. Having the choice to voluntarily join and resign from a union is the opposite of compelled speech. *See Belgau*, 975 F.3d at 951.

9

Further, the First Amendment does not provide a right to "disregard promises that would otherwise be enforced under state law." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991). Appellant's promise to join the Unions and pay dues unless and until revocation during the "window period" was made in the context of a contractual relationship between the Unions and Appellant.[3] Appellant does not dispute that when she sent the required letter to the Unions during the August window period, the District stopped deducting membership dues from her wages.

## II. APPELLANT'S FOURTEENTH AMENDMENT CLAIM

Appellant's Fourteenth Amendment claim that the deduction of union dues from her paychecks was a violation of procedural due process also fails. To state a claim under § 1983 for a violation of procedural due process, a plaintiff must: (1) identify a liberty or

---

[3] To the extent that Appellant argues that her resignation from the Unions makes her a nonmember who falls within the scope of *Janus*, she is incorrect. Unlike nonmembers, as the term was used in *Janus*, who never agreed to join a union to begin with, Appellant affirmatively entered a voluntary contractual agreement that requires her to pay dues for a full year even if she resigns her membership during the course of that year. *See Bennett*, 991 F.3d at 733 ("Having consented to pay dues to the union, regardless of the status of her membership, [the plaintiff] does not fall within the sweep of *Janus's* waiver requirement."). Appellant is required to pay dues because of the Membership Agreement she signed, which in effect provides that by joining the Unions, she agrees to be liable for a whole year's dues, payable in installments, and that she can terminate her liability by advising the union of her resignation at the end of the year, during a reasonable window for revoking the contract's automatic renewal. Nothing about that arrangement, which is clearly spelled out in the Membership Agreement to which Appellant voluntarily consented, violates the First Amendment. *See Fischer*, 842 F. App'x at 744 (rejecting argument that the opt-out periods in state statutes and union membership agreements were unconstitutional); *see also Hendrickson*, 992 F.3d at 964 (rejecting argument that "*Janus* should retroactively invalidate the membership opt-out window because limiting [a plaintiff's] ability to terminate his dues payments to two weeks a year violates the First Amendment right of association").

10

property interest, (2) show that the state has deprived the plaintiff of that interest, and (3) show that the deprivation was affected without due process. *Local 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL-CIO v. Town Bd. of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994). "Even if there is state action, the ultimate inquiry in a Fourteenth Amendment case is, of course, whether that action constitutes a denial or deprivation by the State of rights that the Amendment protects." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 n.4 (1978) (internal quotation marks omitted). Appellant argues that "Defendants acted in concert, by and through their agents and officials, to deduct and to accept union dues or fees from [her] wages without providing her any meaningful notice or opportunity to object to the ongoing deductions, the process by which the money was deducted, or the ways in which her money [was] used." J. App'x at 8. She claims that this was in violation of *Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 304–09 (1986) ("*Hudson*"), which held that the First Amendment entitled non-union public employees in an agency shop to procedures designed to prevent their money from supporting union political activity, including a detailed accounting of how the union intends to spend dues.

Appellant's reliance on *Hudson* is misplaced. The premise of *Hudson* is that, under the legal regime established by *Abood*—which permitted agency fees to be collected from non-union public employees—there needs to be a procedure by which a dissenting employee can challenge the calculation of agency fees. *See Hudson*, 475 U.S. at 304–09. Post-*Janus*, however, public employers are not required to apply *Hudson* procedures

11

because they are prohibited from imposing agency fees on non-union employees in the first place. Additionally, the holding of *Hudson* is inapplicable to union members. In *Hudson*, the complainants were employees who chose not to join the union but were nonetheless required to pay agency fees. *Id.* at 297. The case, therefore, has no application to employees like Appellant, who voluntarily signed a union membership agreement and contractually agreed to pay the full dues. Our resolution of the First Amendment argument thus dooms Appellant's Fourteenth Amendment claim because the latter suffers from the same fatal flaw as the former—namely, that Appellant voluntarily joined the Unions. *See Kumpf v. New York State United Tchrs.*, No. 22-CV-402, 2022 WL 17155847, at *14 (N.D.N.Y. Nov. 22, 2022) ("Because Plaintiff has failed to allege any First Amendment violations and fails to allege that her agreement to pay union dues and to continue paying union dues until the August 1–31 revocation period, even as a [nonmember], *Hudson*'s procedures are inapplicable to Plaintiff."). Appellant proffers no factual or legal basis to support a conclusion that the operation of such a private agreement offends principles of due process.

Because Appellant was contractually obligated to pay union dues pursuant to the Membership Agreement that she voluntarily signed, and the District's withholding of union dues did not constitute a violation of her First Amendment rights, Appellant's Fourteenth Amendment claim fails. *See Wagner v. Univ. of Wash.*, No. 20-35808, 2022 WL 1658245, at *1 (9th Cir. May 25, 2022) (concluding that a plaintiff "was not deprived of a

constitutionally protected property interest when the University deducted and remitted her voluntarily authorized dues"). Where, as here, "no protected liberty interest is being impaired, no due process is required." *Cucciniello v. Keller*, 137 F.3d 721, 724 (2d Cir. 1998); *see also Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) ("Because we find that no state-created liberty interest has been interfered with, we need not consider what process is due under the Fourteenth Amendment."); *Barnard v. Chamberlain*, 897 F.2d 1059, 1066 (10th Cir. 1990) ("Our finding that appellees did not violate appellant's first amendment rights similarly defeats his claim that he was deprived of a liberty interest without due process of law.").

## CONCLUSION

We have considered the Appellant's remaining arguments and find them to be without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.